ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :    INDICTMENT

        -v.-                   :    **12 CRIM 125**

DOUG WHITMAN,                  :

            Defendant.         :

- - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/12

## COUNT ONE

(Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

### Relevant Entities and Individuals

1.  At all times relevant to this Indictment, Whitman Capital, LLC ("Whitman Capital") operated as an investment advisory firm located in California focusing on technology companies. Whitman Capital managed Whitman Partners, L.P. ("Whitman Partners"), a private partnership that invested in the securities of various technology companies.

2.  At all times relevant to this Indictment, DOUG WHITMAN, the defendant, served as the President of Whitman Capital and the principal portfolio manager of Whitman Partners.

3.  At all times relevant to this Indictment, Karl Motey ("Motey") worked as a research analyst and provided services to hedge fund clients and others in the investment

1

JUDGE PRESKA

community.

## The Insider Trading Scheme

4. From at least in or about 2007 through in or about 2009, DOUG WHITMAN, the defendant, Karl Motey, and others known and unknown, participated in a scheme to defraud by disclosing material, nonpublic information ("Inside Information") and/or executing securities transactions based on Inside Information pertaining to publicly traded companies, including Marvell Technology Group, Ltd. ("Marvell"), a public company that trades on the Nasdaq Stock Market.

5. More specifically, Karl Motey obtained earnings, revenue, and/or other material financial and business information ("Marvell Inside Information") from one or more individuals not named as defendants herein who worked as employees at Marvell ("Marvell Inside Sources"). The Marvell Inside Sources disclosed Marvell Inside Information to Motey in violation of their duties of trust and confidence that they owed to Marvell and Marvell shareholders and for personal benefit.

6. After obtaining the Marvell Inside Information from the Marvell Inside Sources, Motey provided the Marvell Inside Information to DOUG WHITMAN, the defendant, and others. WHITMAN knew that the Marvell Inside Information that Motey provided to him was obtained in violation of duties of trust and

confidence that the Marvell Inside Sources owed to Marvell and Marvell shareholders.

7. After receiving the Marvell Inside Information from Motey, DOUG WHITMAN, the defendant, caused securities transactions to be executed based, at least in part, on the Marvell Inside Information.

8. In exchange for the Marvell Inside Information provided by Motey, DOUG WHITMAN, the defendant, caused Whitman Capital and/or Whitman Partners to pay Motey through soft dollar payments.

### The Conspiracy

9. From at least in or about 2007 through in or about 2009, in the Southern District of New York and elsewhere, DOUG WHITMAN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

10. It was a part and object of the conspiracy that DOUG WHITMAN, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of

Case 1:12-cr-00125-JSR   Document 2   Filed 02/08/12   Page 4 of 14

the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

### Means and Methods

11.  Some of the means by which DOUG WHITMAN, the defendant, and his co-conspirators effectuated the fraudulent scheme were as follows:

   a.  Karl Motey obtained Marvell Inside Information from Marvell Inside Sources.

   b.  The Marvell Inside Sources provided the Marvell Inside Information to Motey in violation of their duties of trust and confidence.

4

c. Motey communicated the Marvell Inside Information to WHITMAN, who executed securities transactions on the basis of the information.

### Overt Acts

12. In furtherance of the conspiracy and to effect the illegal object thereof, DOUG WHITMAN, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. In or about May 2008, WHITMAN, using a prime brokerage firm located in New York, New York, caused the sale of call option contracts for Marvell stock on an exchange located in New York, New York.

b. In or about October 2008, WHITMAN, using a prime brokerage firm located in New York, New York, caused the sale of Marvell stock.

c. On or about November 3, 2008, WHITMAN, using a prime brokerage firm located in New York, New York, caused the sale of call option contracts for Marvell stock on an exchange located in New York, New York.

d. In or about January 2009, WHITMAN, using a prime brokerage firm located in New York, New York, caused the sale of call option contracts for Marvell stock.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Conspiracy to Commit Securities Fraud)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1 and 2 are repeated and realleged as though fully set forth herein.

14. At all times relevant to this Indictment, Roomy Khan ("Khan") worked in the hedge fund industry.

### The Insider Trading Scheme

15. From at least in or about 2006 through in or about 2007, DOUG WHITMAN, the defendant, Roomy Khan, and others known and unknown, participated in a scheme to defraud by disclosing Inside Information and/or executing securities transactions based on Inside Information pertaining to publicly traded companies, including Polycom, Inc. ("Polycom") and Google, Inc. ("Google").

16. More specifically, Roomy Khan obtained earnings and/or other material financial and business information relating to Polycom ("Polycom Inside Information") from an individual not named as a defendant herein ("Polycom Inside Source") who worked as an employee at Polycom, a public company that trades on the Nasdaq Stock Market.

17. The Polycom Inside Source disclosed the Polycom Inside Information to Khan in violation of his duties of trust and confidence that he owed to Polycom and Polycom shareholders

6

and for personal benefit.

18. After obtaining the Polycom Inside Information from the Polycom Inside Source, Khan provided the Polycom Inside Information to DOUG WHITMAN, the defendant, and others. WHITMAN knew that the Polycom Inside Information that Khan provided to him was obtained in violation of duties of trust and confidence that the Polycom Inside Source owed to Polycom and Polycom shareholders.

19. After receiving the Polycom Inside Information from Khan, DOUG WHITMAN, the defendant, caused securities transactions to be executed based, at least in part, on the Polycom Inside Information.

20. In addition, Roomy Khan also obtained earnings and/or other material financial and business information relating to Google ("Google Inside Information") from an individual not named as a defendant herein ("Google Inside Source") who worked as an employee at a firm who contracted to provide investor relations services to Google, a public company that trades on the Nasdaq Stock Market. The Google Inside Source disclosed the Google Inside Information to Khan in violation of her duties of trust and confidence and for personal benefit.

21. After obtaining the Google Inside Information from the Google Inside Source, Khan provided the Google Inside

Information to DOUG WHITMAN, the defendant, and others. WHITMAN knew that the Google Inside Information that Khan provided to him was obtained in violation of duties of trust and confidence.

22. After receiving the Google Inside Information from Khan, DOUG WHITMAN, the defendant, caused securities transactions to be executed based, at least in part, on the Google Inside Information.

23. By causing securities transactions to be executed based on the Polycom Inside Information and the Google Inside Information, DOUG WHITMAN, the defendant, earned illegal profits of more than $900,000. Furthermore, in exchange for the Polycom Inside Information and the Google Inside Information provided by Khan, DOUG WHITMAN, the defendant, provided Khan with information about publicly traded technology companies.

### The Conspiracy

24. From at least in or about 2006 through in or about 2007, in the Southern District of New York and elsewhere, DOUG WHITMAN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

25. It was a part and object of the conspiracy that DOUG WHITMAN, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

**Means and Methods**

26. Some of the means by which DOUG WHITMAN, the defendant, and his co-conspirators effectuated the fraudulent scheme were as follows:

  a. Roomy Khan obtained Polycom Inside Information and Google Inside Information from the Polycom Inside Source and the Google Inside Source, respectively.

  b. The Polycom Inside Source and the Google Inside Source provided the Inside Information to Khan in violation of duties of trust and confidence and for personal benefit.

  c. Khan communicated the Inside Information to WHITMAN, who executed securities transactions on the basis of the Inside Information.

### Overt Acts

27. In furtherance of the conspiracy and to effect the illegal object thereof, DOUG WHITMAN, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

  a. On or about January 11, 2006, WHITMAN, from New York, New York, spoke over the telephone with Khan.

  b. On or about January 12, 2006, WHITMAN caused the purchase of approximately 32,100 shares of Polycom stock using a prime brokerage firm located in New York, New York.

  c. On or about July 19, 2007, using a prime brokerage firm located in New York, New York, WHITMAN caused the purchase of put option contracts in Google on an exchange located

in New York, New York.

(Title 18, United States Code, Section 371.)

**COUNTS THREE AND FOUR**

(Securities Fraud)

The Grand Jury further charges:

28. The allegations contained in paragraphs 1 and 2, and paragraphs 14 through 23 are repeated and realleged as though fully set forth herein.

29. On or about the dates set forth below, in the Southern District of New York and elsewhere, DOUG WHITMAN, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, WHITMAN

11

executed transactions in the securities of the companies indicated below based on Inside Information.

| COUNT | DATE | COMPANY |
|---|---|---|
| THREE | From on or about January 12, 2006, to on or about January 25, 2007 | Polycom, Inc. |
| FOUR | On or about July 19, 2007 | Google, Inc. |

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

30. As a result of committing one or more of the foregoing securities fraud offenses alleged in Counts One through Four of this Indictment, DOUG WHITMAN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses.

### Substitute Assets Provision

31. If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461;
Title 18, United States Code, Sections 371 and 2;
Title 15, United States Code, Sections 78j(b) and 78ff;
and Title 17, Code of Federal Regulations, Section 240.10b-5.)

_____
Foreperson

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

DOUG WHITMAN,

Defendant.

---

INDICTMENT

12 Cr.

(Title 18, United States Code, Sections
2, 371; Title 15, United States Code,
Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations,
Section 240.10b-5)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

---

2/8/12   L~ARRAIGNED ISSUES   FILED INDICTMENT

  EOTT, USMJ