**REDACTED FOR PUBLIC FILING**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DOUG WHITMAN,

Defendant.

ECF CASE
12 Cr. 125 (JSR)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOUGLAS F. WHITMAN'S MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH WIRETAPS ON [REDACTED] TELEPHONES

David L. Anderson
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(Admitted *pro hac vice* )
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

BACKGROUND .......... 1

ARGUMENT .......... 2

I. INSIDER TRADING IS NOT AN ENUMERATED OFFENSE FOR WHICH A WIRETAP MAY LAWFULLY ISSUE UNDER TITLE III. .......... 3

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Berger v. New York*,
388 U.S. 41 (1967) ........ 3

*Dalia v. United States*,
441 U.S. 238 (1979) ........ 3

*Gelbard v. United States*,
408 U.S. 41 (1972) ........ 3

*United States v. Concepcion*,
579 F.3d 214 (2d Cir. 2009) ........ 6

*United States v. Giordano*,
416 U.S. 505 (1974) ........ 3

*United States v. Kahn*,
415 U.S. 143 (1974) ........ 4

*United States v. Marion*,
535 F.2d 697 (2d Cir. 1976) ........ 5, 6

*United States v. Masciarelli*,
558 F.2d 1064 (2d Cir. 1977) ........ 5

*United States v. Montoya-Eschevarria*,
892 F. Supp. 104 (S.D.N.Y. 1995) ........ 2

*United States v. Rajaratnam*,
No. 09 Cr. 1184, 2010 WL 4867402 (S.D.N.Y. Nov. 24, 2010) ........ 3, 5

*United States v. Wright*,
524 F.2d 1100 (2d Cir. 1975) ........ 2

*Whitman v. Am. Trucking Ass'ns, Inc.*,
531 U.S. 457 (2001) ........ 6

**STATUTES**

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.* ("Title III") ........ *passim*

Pub. L. No. 98-473, § 1203, 98 Stat. 1837 (1984) ........ 4

**OTHER AUTHORITIES**

Fed. R. Crim. P. 16 .......... 1

S. Rep. No. 90-1097 (1968) .......... 4, 6

Defendant Douglas Whitman respectfully submits this memorandum of law in support of his motion pursuant to 18 U.S.C. § 2515 to suppress conversations intercepted by the government through wiretaps of the telephones of [REDACTED].[1] Those intercepts should be suppressed, because insider trading is not an offense enumerated in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.* ("Title III").

**BACKGROUND**

The prosecution in this case alleges in a four-count indictment that Mr. Whitman engaged in insider trading. In particular, the first two counts of the indictment charge Mr. Whitman with conspiracy to commit insider trading, and the final two counts charge him with insider trading. *See* Indictment, No. 12 Cr. 125 (S.D.N.Y.), ¶¶ 9-10, 24-25, 29 (Exhibit A to the Declaration of David M. Rody in Support of Defendant Douglas F. Whitman's Motion to Suppress Evidence Obtained Through Wiretaps on [REDACTED] Telephones, dated April 13, 2012 ("Rody Decl.")). To attempt to prove its insider trading allegations, the prosecution is expected to rely on circumstantial evidence from certain recorded telephone conversations. Many of those conversations, most of which occurred long after the timeframe specified in the indictment and do not address the trades at issue, were intercepted through wiretaps issued pursuant to Title III.

In particular, the prosecution has produced pursuant to Federal Rule of Criminal Procedure 16 more than 9,000 audio recordings, over 8,700 of which were obtained through Title III wiretaps of telephones belonging to [REDACTED], [REDACTED]. The vast majority of this undifferentiated mass of recordings, which comprises more than ten gigabytes of

[1] The prosecution first sought and obtained a wiretap of [REDACTED] telephones on November 12, 2008. *See* First Application for Authorization to Intercept Wire Communications over [REDACTED] Telephones (S.D.N.Y. submitted Nov. 12, 2008) (Rody Decl. Exh. B). This wiretap was renewed for an additional thirty-day period on December 12, 2008. *See* Second Application for Authorization to Intercept Wire Communications over [REDACTED] Telephones (S.D.N.Y. submitted Dec. 12, 2008) (Rody Decl. Exh. C).

data and approximately 380 hours of recorded telephone conversations, does not appear to involve Mr. Whitman in any way.[2] The only Title III intercepts directed at Mr. Whitman or to which he is a party are a subset of those obtained through the wiretaps of [REDACTED] telephones. This motion therefore seeks to suppress only that subset of the recorded conversations obtained through the wiretaps of [REDACTED] telephones.[3]

**ARGUMENT**

Title III does not include insider trading as one of the enumerated offenses for which a wiretap may lawfully issue under the statute. Yet the prosecution here sought and obtained the wiretaps at issue under Title III to investigate allegations of insider trading. The wiretaps, therefore, are unlawful, and any evidence derived from them should be suppressed. This argument has recently been rejected by this Court in *United States v. Gupta*, No. 11 Cr. 907 (JSR), and Mr. Whitman makes it here solely to preserve the issue for any eventual appeal. *See*

---

[2] The prosecution has not yet specified the presumably small number of wiretapped recordings from this mass of evidence it intends to use at trial. Because Mr. Whitman's trial team has been unable to review the entirety of this extraordinary volume of recorded conversations, Mr. Whitman reserves the right to seek exclusion of additional conversations at a later date if subsequent review reveals additional calls that he has standing to challenge pursuant to 18 U.S.C. §§ 2510(11), 2518(10)(a).

[3] There is no dispute between the prosecution and Mr. Whitman that he was a party to certain of the conversations obtained through the [REDACTED] wiretaps. Rody Decl. ¶ 8. Moreover, the second of the two applications underlying the [REDACTED] wiretaps expressly targeted Mr. Whitman. *See* Second Application for Authorization to Intercept Wire Communications over [REDACTED] Telephones, at 2 (S.D.N.Y. submitted Dec. 12, 2008) (Rody Decl. Exh. C). Under Title III and the case law interpreting that statute, those facts are sufficient to give Mr. Whitman standing to challenge the [REDACTED] wiretaps. *See, e.g., United States v. Wright*, 524 F.2d 1100, 1102 (2d Cir. 1975) ("In order to challenge wiretap-derived evidence, one must be an 'aggrieved person', *i.e.*, one who was a party to an intercepted wire or oral communication or against whom the interception was directed.") (quoting 18 U.S.C. §§ 2510, 2518). Courts in this district have sometimes required a sworn statement from a defendant confirming his participation in certain intercepts when standing is in dispute, *see United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) , but here the government does not contest Mr. Whitman's standing to challenge the [REDACTED] wiretaps to the extent he was a participant in the recorded conversations or was a named target of the Title III order.

*id.*, Memorandum Order at 2-3 (S.D.N.Y. filed Mar. 27, 2012) (Dkt. No. 42); *see also United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2010 WL 4867402, at *3-6 (S.D.N.Y. Nov. 24, 2010).[4]

## I. INSIDER TRADING IS NOT AN ENUMERATED OFFENSE FOR WHICH A WIRETAP MAY LAWFULLY ISSUE UNDER TITLE III.

The use of a wiretap is a particularly intrusive investigatory method for which special protections are required. *See Berger v. New York*, 388 U.S. 41 (1967). Consequently, Congress enacted Title III to serve as a "comprehensive scheme for the regulation of wiretapping," *Gelbard v. United States*, 408 U.S. 41, 46 (1972), and "to guarantee that wiretapping . . . occurs only when there is a genuine need for it and only to the extent that it is needed." *Dalia v. United States*, 441 U.S. 238, 250 (1979); *see also United States v. Giordano*, 416 U.S. 505, 527 (1974) (noting the "congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device"). Congress established important safeguards in Title III to limit the use of wiretaps. Among other things, Congress in Section 2516 of Title III "set[] forth with meticulous care" the offenses for which a wiretap may issue. *Dalia*, 441 U.S. at 249. That list of predicate offenses does not include every federal crime. Among the federal crimes *not* included in Title III as a valid predicate offense is insider trading or any other form of securities fraud. *See* 18 U.S.C. § 2516. Because Title III does not authorize wiretaps to investigate allegations of insider trading, the [redacted] wiretaps are

[4] This motion expressly adopts and incorporates by reference the argumentation set forth in the relevant portions of the subsequently cited filings, copies of which are attached hereto as exhibits: Defendant Rajat K. Gupta's Memorandum of Law in Support of His Motion to Suppress Wiretap Intercepts, at 5-10, *United States v. Gupta*, No. 11 Cr. 907 (JSR), (S.D.N.Y. filed Jan. 3, 2012) (Dkt. No. 20) (Rody Decl. Exh. D); Defendant Raj Rajaratnam's Memorandum of Law in Support of His Motion to Suppress Evidence Derived From Wiretap Interceptions of His Cellular Telephone, at 57-65, *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH) (S.D.N.Y. filed May 7, 2010) (Dkt. No. 88) (Rody Decl. Exh. E).

prohibited and should be suppressed. 18 U.S.C. § 2515 (providing that any communications intercepted in a manner not authorized by Title III may not be admitted into evidence).

Congress's decision not to include insider trading or securities fraud as an offense for which a wiretap may issue under Title III reflects Congress's reasoned judgment that those are not crimes for which a wiretap is necessary. Unlike "the operations of organized crime" for which the list of offenses in Section 2516 was designed, *United States v. Kahn*, 415 U.S. 143, 151 (1974), securities fraud is not a crime for which a cooperator would, absent a wiretap, be required to "risk his body." S. Rep. No. 90-1097, at 44 (1968). In this case, for example, Roomy Khan and Karl Motey are not in danger as a result of their cooperation, and, tellingly, they were able to make numerous consensual recordings without the need for a wiretap. Moreover, because of the extensive regulatory oversight of the securities industry, securities fraud typically involves a significant documentary record, preserved in the archives of third-party banks and brokerages, that is easily accessible to a grand jury and diminishes the need for wiretapping. In light of these important considerations, Congress, despite adding other offenses to Section 2516 in the decades since it was first enacted, has not seen fit to include insider trading within the statute's scope. Whatever Congress's view of the issue might be today, at the time it passed Title III and later amendments, it evidently did not believe that an offense of this sort required the extraordinary invasions of privacy entailed by wiretapping.

Although wire fraud was added as an enumerated offense in 1984, *see* Pub. L. No. 98-473, § 1203, 98 Stat. 1837 (1984), and indeed the wiretap applications at issue here pay lip service to that offense, *see, e.g.*, First Application for Authorization to Intercept Wire Communications over [REDACTED] Telephones, at 3 (S.D.N.Y. submitted Nov. 12, 2008) (Rody Decl. Exh. B), the applications and supporting affidavits, read as a whole, plainly are

based upon insider trading conduct alone.[5] Title III does not permit the approach that the prosecution has taken with the wiretaps in this case. Congress certainly anticipated in Section 2517(5) of Title III that the prosecution might, with a wiretap, inadvertently stumble upon non-enumerated crimes, but to use a wiretap to continue to investigate lawfully such secondary crimes, the wiretap must properly be premised on an enumerated offense in the first place. *See United States v. Marion*, 535 F.2d 697, 701 (2d Cir. 1976) (recognizing that a "judge's determination of inadvertence" is necessary to maintain the appropriately narrow scope of Title III); *see also* 18 U.S.C. § 2517(5).[6] In this way, Section 2517(5) functions as a "plain view exception." *Rajaratnam*, 2010 WL 4867402, at *3. To use an enumerated predicate offense as a backdoor means of investigating a non-enumerated offense turns this statutory scheme on its head, and subverts its obvious purpose. That is precisely what occurred here: contrary to law and logic, the after-the-fact exception was used improperly to serve as the primary basis for the initial applications. The prosecution in this case cannot meet its burden of proving that it originally sought, in good faith, to obtain evidence pertaining to an offense enumerated under Title III, and uncovered evidence of non-enumerated crimes only incidentally. *See United States v. Masciarelli*, 558 F.2d 1064, 1068 (2d Cir. 1977) (noting that the government must show that the

[5] The supporting affidavits state under the heading "SUBJECTS AND OFFENSES" that the application is submitted in connection with an "insider trading scheme." *See., e.g.*, First Affidavit of FBI Special Agent [redacted] in Support of Application For Authorization to Intercept Wire Communications over [redacted] Telephones, at 6 (S.D.N.Y. submitted Nov. 12, 2008) (Rody Decl. Exh. F). Moreover, nearly all of the conduct cited in the affidavits focuses on insider trading. In the November 12, 2008 [redacted] Affidavit, for instance, thirty-two of the thirty-five paragraphs or subparagraphs listed as grounds for probable cause discuss or reference insider trading. *See id.* Likewise, insider trading dominates [redacted] reasons for why a wiretap is necessary. *Id.*

[6] Under 18 U.S.C. § 2517(5), the discovery of incidental evidence through a wiretap also requires a "subsequent application" to the Court "as soon as practicable." That does not appear to have occurred here, providing further support for the argument that the applications are unlawful.

evidence "was in fact incidentally intercepted during the course of a lawfully executed order") (citation omitted); *see also* S. Rep. 90-1097, at 71 (1968) (stating that Section 2517(5) requires a showing that "the original order was lawfully obtained, that it was sought in good faith and not as a subterfuge search, and that the communication was in fact incidentally intercepted during the course of a lawfully executed order"). Precisely the opposite is true here, and the exception contemplated in Section 2517(5) does not apply.

If, as here, the passing mention of "wire fraud" in a wiretap application could circumvent Title III's careful enumeration of eligible crimes, the statute would, in effect, be self-subverting, which cannot be what Congress intended. *Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 485 (2001) (holding that one "may not construe [a] statute in a way that completely nullifies textually applicable provisions"). Moreover, under the government's approach, " Title III authorization might rapidly degenerate into . . . the electronic equivalent of a general search warrant," which the Constitution does not allow. *Marion*, 535 F.2d at 701 (internal quotation marks omitted). By specifying that a wiretap may issue for only certain offenses, Congress "struck a balance between the needs of law enforcement officials [and] the privacy right of the individual." *United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009) (internal quotation marks omitted) (alteration in original). Although that balance may ultimately require the prosecution to employ the same investigatory techniques it has used for decades to prosecute insider trading crimes, "[s]trict compliance" with the terms of Title III is "essential." *Marion*, 535 F.2d at 706.

**CONCLUSION**

For the foregoing reasons, the [redacted] wiretaps in this case were unauthorized and the conversations obtained through those wiretaps should be suppressed to the extent that Mr.

Whitman was a party to those conversations or was an identified target of the underlying Title III order.

Dated: April 13, 2012

Respectfully submitted,

/s David L. Anderson

David L. Anderson
(dlanderson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
(drody@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(bberenson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*