UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :  ECF CASE
                             Plaintiff,                      :  12 Cr. 125 (JSR)
                                                             :
               vs.                                           :
                                                             :
DOUG WHITMAN,                                                :
                                                             :
                             Defendant.                      :
                                                             :
------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOUGLAS F. WHITMAN'S
MOTION IN LIMINE FOR A RULING AND JURY INSTRUCTION ON
THE FIDUCIARY DUTIES OWED TO A COMPANY AND ITS SHAREHOLDERS**

David L. Anderson
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(Admitted *pro hac vice* )
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ...................................................................................................................1

ARGUMENT .........................................................................................................................2

    A.    State Law Governs The Fidicuary Duty Element Of Insider Trading. ...............3

    B.    California Law Applies In This Case. ..................................................................5

    C.    Under California Law, Only Officers, Directors, And Authorized Agents Of A Company Owe Fiduciary Duties To Companies And Their Shareholders. ..........................................6

CONCLUSION ......................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Barker v. Henderson, Franklin, Starnes & Holt,*
    797 F.2d 490 (7th Cir. 1986) ................................................................................................3, 4

*Burks v. Lasker,*
    441 U.S. 471 (1979) ........................................................................................................................4

*Dirks v. SEC,*
    463 U.S. 646 (1983) ...............................................................................................................2, 3, 5

*Fairfield Fin. Mortg. Grp., Inc. v. Luca,*
    584 F. Supp. 2d 479 (E.D.N.Y. 2008) ..........................................................................................6

*GAB Bus. Serv. Inc. v. Lindsey & Newsom Claim Servs., Inc.*,
    83 Cal. App. 4th 409 (Cal. Ct. App. 2000) ..............................................................................6, 7

*Greenspun v. Lindley,*
    330 N.E.2d 79 (N.Y. 1975) ...........................................................................................................5

*Hobart v. Hobart Estate Co.*,
    159 P.2d 958 (Cal. 1945) ..............................................................................................................6

*In re Gaston & Snow,*
    243 F.3d .........................................................................................................................................5

*In re Gaston & Snow,*
    243 F.3d 599 (2d Cir. 2001) .........................................................................................................5

*in Reeves v. Hanlon*,
    33 Cal. 4th 1140 (2004) ................................................................................................................6

*Jordan v. Duff & Phelps, Inc.*,
    815 F.2d 429 (7th Cir. 1987) ........................................................................................................5

*Kamen v. Kemper Fin. Servs.*,
    500 U.S. 90 (1991) .........................................................................................................................4

*Kim v. Sumitomo Bank of California,*
    21 Cal. Rptr. 2d 834 (Cal. Ct. App. 1993) ..................................................................................6

*Michelson v. Hamada*,
    36 Cal. Rptr. 2d 343 (Cal. Ct. App. 1995) ..................................................................................6

*Neumeier v. Kuehner,*
    31 N.Y.2d 121 (N.Y. 1972) ...........................................................................................................5

*Norlin Corp. v. Rooney, Pace Inc.*,
    744 F.2d 255 (2d Cir. 1984)..................................................................................................5

*O'Byrne v. Santa Monica-UCLA Medical Ctr.*,
    94 Cal. App. 4th 797 (Cal. Ct. App. 2001) ............................................................................6

*O'Melveny & Myers v. FDIC*,
    512 U.S. 79 (1994)..................................................................................................................4

*Pension of Univ. of Montreal v. Banc of America*,
    446 F. Supp. 2d 163 (S.D.N.Y. 2006)...................................................................................5

*Pescatore v. Pan Am. World Airways, Inc.*,
    97 F.3d 1 (2d Cir. 1996)......................................................................................................4, 5

*Pryor v. United States Steel Corp.*,
    794 F.2d 52 (2d Cir. 1986)....................................................................................................4

*Santa Fe Indus. v. Green*,
    430 U.S. 462 (1977)........................................................................................................3, 4, 5

*SEC v. Rorech,*
    720 F. Supp. 2d 367 (S.D.N.Y. 2010)...................................................................................5

*Tyco Intern., Ltd. v. Kozlowski*,
    756 F. Supp. 2d 553 (S.D.N.Y. 2010)...................................................................................5

*United States v. Chestman*,
    947 F.2d 551 (2d Cir. 1991).......................................................................................2, 3, 4, 7

Defendant Douglas F. Whitman respectfully moves that the Court hold and instruct the jury that, in order to establish a breach of fiduciary duty by a company "insider" for purposes of proving insider trading in the above-captioned case, the government must prove that the insider was an officer, director, or authorized agent of the company, or otherwise had a clear and well-defined legal obligation to the company to maintain the information in confidence. The existence and scope of this fiduciary (or functionally equivalent) duty, and the circumstances under which a breach will be recognized, are defined, as corporate obligations typically are, by the law of the state with the most substantial contacts to the alleged breach. In this case, that is California, where all of the relevant companies are principally based and all of the relevant individuals lived and worked.

A pre-trial ruling on this issue is necessary to guide the parties' presentations at trial, this Court's evidentiary rulings, and instructions to the jury during the course of trial. A proposed instruction reflecting these principles is attached as Exhibit 1 to the Decl. of David L. Anderson ("Anderson Decl.") filed herewith.

## BACKGROUND

On February 8, 2012, a grand jury in the Southern District of New York returned an indictment against Mr. Whitman charging him with two counts of conspiracy to commit securities fraud and two counts of securities fraud. Indictment, No. 12 Cr. 125 (S.D.N.Y. filed Feb. 8, 2012), ¶¶ 9-10, 24-25, 29. The matter is currently scheduled for trial on July 30, 2012.

The indictment alleges that Mr. Whitman engaged in two conspiracies to trade on the basis of material nonpublic information—often called "inside information"—in violation of federal securities law. The first alleged conspiracy concerned trades in securities of Marvell Technology Group, Ltd. According to the government, Mr. Whitman received inside information regarding

Marvell from Karl Motey, an independent research analyst, who had obtained the information from Sam Miri and Bill Brennan, employees at Marvell. Bill of Particulars at 1-2, Anderson Decl. Ex. 2; Indictment, ¶¶ 4-12. Marvell's United States headquarters are located in California, and all of the individuals allegedly involved in the Marvell conspiracy lived and worked in California during the relevant period.

The second alleged conspiracy concerned trades in securities of Polycom, Inc. and Google, Inc. As to Polycom, the government asserts that Mr. Whitman received inside information about the company from Roomy Khan, an acquaintance of Mr. Whitman, who had obtained the information from a Polycom employee, Sunil Bhalla. Bill of Particulars at 3-4; Anderson Decl. Ex. 2. As to Google, the government asserts that Mr. Whitman received inside information about the company from Ms. Khan, who had secured the information from Shammara Hussain, an employee at an investor relations firm, Market Street Partners, that provided services to Google. *Id.* Both Google and Polycom are headquartered in California, and all of the individuals allegedly involved in this conspiracy lived and worked in California during the relevant period. *See id.* at 3.

## ARGUMENT

To prove insider trading, the government must establish not only that the defendant received and traded on material nonpublic information, but also that a corporate "insider" breached his or her fiduciary duty, or "functional[ly] equivalent" legal duty "of trust and confidence," by disclosing the information. *United States v. Chestman*, 947 F.2d 551, 568 (2d Cir. 1991) (citing *Dirks v. SEC*, 463 U.S. 646, 660 (1983)). The prohibition on trading based on inside information "does not arise from the mere possession of nonpublic market information," but "arises rather from the existence of a fiduciary relationship." *Dirks,* 463 U.S at 654. When, as in this case, the

2

defendant is not himself an "insider" (*i.e.*, someone "inside" the company who discloses the information) but instead is alleged to be a "tippee" (*i.e.*, one who receives inside information), the defendant is legally prohibited from trading on the inside information "only when the insider has breached his fiduciary duty to the shareholders by disclosing the information to the tippee and the tippee knows or should know that there has been a breach." *Id.* at 660. To determine whether the tippee violated federal securities law, "it thus is necessary to determine whether the insider's 'tip' constituted a breach of the insider's fiduciary duty" or a functionally equivalent duty of trust and confidence. *Id.* at 661; *see also Chestman*, 947 F.2d at 568.

Whether the insider breached a fiduciary or equivalent duty is governed by state law. *Infra* part A. Here, California law applies, because California is the state with the most significant contacts to the alleged breaches of duty. *Infra* part B. Because California law imposes a fiduciary duty only upon individuals with discretionary power to manage the company's affairs, the government in this case must show that the sources of the inside information allegedly disclosed to Mr. Whitman were directors, officers, or authorized agents of the companies in question, or that the insiders had a clear and well-defined legal obligation to maintain the information in confidence that is the functional equivalent of a fiduciary duty. *Infra* part C.

### A.   State Law Governs The Fiduciary Duty Element Of Insider Trading.

Federal law establishes the elements of a securities-law violation, including the necessity of proving a breach of fiduciary or equivalent duty. It does not, however, purport to establish the duties owed by individuals to corporations and their shareholders, or to define the circumstances under which a breach of such duties occur. *See, e.g.*, *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490, 496 (7th Cir. 1986). Rather, the scope of such duties, and the circumstances establishing a breach, are established by state law. "[C]orporations are creatures of state law, and ... state law [generally] govern[s] the internal affairs of the corporation." *Santa Fe Indus. v.*

*Green*, 430 U.S. 462, 479 (1977). State law thus necessarily creates and governs the duties that corporate insiders owe to shareholders and corporations. These standards are, in turn, incorporated into federal securities law. *See id.* As the Supreme Court has recognized, "congressional legislation is generally enacted against the background of existing state law." *Burks v. Lasker*, 441 U.S. 471, 478 (1979). Although federal law supplies many elements of insider trading offenses, "where a gap in the federal securities laws must be bridged by a rule that bears on the allocation of governing powers within the corporation, federal courts should incorporate state law into federal common law." *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 108 (1991). *See also Chestman*, 947 F.2d at 568 (courts look to "the common law" to determine "what is required to create the requisite [fiduciary] relationship").

Given the longstanding and extensive body of state laws establishing and governing corporate relationships, there is no basis for a federal court to embark upon fashioning a federal common law of corporations. While "in certain areas … federal statutes authorize the federal courts to fashion a complete body of federal law ... [c]orporation law ... is not such an area." *Burks*, 441 U.S. at 477.[1] The Second Circuit thus has specifically "reject[ed] the contention that Section 10(b) and/or SEC Rule 10b-5 created a federal law of fiduciary duties." *Pryor v. United States Steel Corp.*, 794 F.2d 52, 58 (2d Cir. 1986). As the Seventh Circuit has explained, the relevant "duty does not come from § 10(b) or Rule 10b-5," because "if it did the inquiry would be circular." *Barker*, 797 F.2d at 496. Rather, the "duty must come from a fiduciary relation out-

---

[1] This rule applies both inside and outside the domain of corporate law: "The normal federal disposition is for a federal court to apply the relevant state's law as the federal rule of decision," *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 5 (2d Cir. 1996), whereas "resort to federal common law to fill the 'interstices of our federated legal system' must be warranted by overriding and compelling federal concerns," *id.* at 10; *see also O'Melveny & Myers v. FDIC*, 512 U.S. 79, 87–88 (1994) ("cases in which judicial creation of a special federal rule would be justified" are "few and restricted").

4

side securities law." *Id.* Simply put: The existence of a fiduciary or equivalent duty under § 10(b) must be "based on state law." *Jordan v. Duff & Phelps, Inc.*, 815 F.2d 429, 436 (7th Cir. 1987).[2]

### B. California Law Applies In This Case.

To determine which state's law should apply, this choice-of-law question is resolved by reference to the "rules of the forum state"—here, New York. *In re Gaston & Snow,* 243 F.3d 599, 605 (2d Cir. 2001); *Pescatore*, 97 F.3d at 12–13. "New York courts will normally apply the law of the jurisdiction having the greatest interest in the litigation, as measured by that jurisdiction's contacts with the litigation." *In re Gaston & Snow*, 243 F.3d at 607–08; *see Neumeier v. Kuehner*, 31 N.Y.2d 121, 127 (N.Y. 1972). For breach of fiduciary duty claims, the jurisdiction with the greatest interest in the litigation is the one where the alleged breach occurred, particularly when the relevant companies "conduct[ ] the[ir] day-to-day operations" in that jurisdiction.[3]

---

[2] Once the requirements for a breach of fiduciary duty are established by reference to the relevant state law, those requirements are then incorporated into the governing standard for a securities law offense, defined as a matter of federal law, to determine the elements that must be proven to support conviction for such an offence. For example, for a charge of insider trading, federal law independently requires that the breach of duty must have been committed in return for a "personal benefit." *Dirks*, 463 U.S. at 663; *see also SEC v. Rorech,* 720 F. Supp. 2d 367, 373 (S.D.N.Y. 2010). Thus, to satisfy these elements, the government would have to prove that the insider had both (i) committed a breach of fiduciary or equivalent duty, as defined by applicable state law, and (ii) had acted for the purpose of securing a "personal benefit," as defined by federal law; these two elements together combine to constitute the overarching breach of duty proscribed by federal securities law. *See Dirks*, 463 U.S. at 663 (identifying "pecuniary gain" as an example of a "personal benefit" to show federal securities violation); *cf. Santa Fe*, 430 U.S. at 472 (noting that not all breaches of fiduciary duty under state law are actionable as federal securities fraud)

[3] Some jurisdictions, under the "internal affairs doctrine," generally apply the law of the state of incorporation to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." *Pension of Univ. of Montreal*, 446 F. Supp. 2d at 191-92. However, "New York takes a much narrower view of the internal affairs doctrine than do some other jurisdictions," instead placing primary importance on each jurisdiction's contacts

*Pension of Univ. of Montreal v. Banc of America*, 446 F. Supp. 2d 163, 194 (S.D.N.Y. 2006); *see Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 263–64 (2d Cir. 1984); *Tyco Intern., Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 559 (S.D.N.Y. 2010).

Here, this standard requires application of California law. All of the companies at issue are headquartered in California. All of the alleged "insiders"—Mr. Miri, Mr. Brennan, Mr. Bhalla, and Ms. Hussain—lived and worked in California during the relevant period. The alleged intermediaries who purportedly passed information from those insiders to Mr. Whitman—*i.e.*, Mr. Motey and Ms. Khan—also lived and worked in California during this period, as did Mr. Whitman himself. And the meetings and conversations identified by the government as relevant to the conspiracy occurred in California. Bill of Particulars at 2-3, Anderson Decl. Ex. 2. Because all of the alleged breaches of duty purportedly occurred in California, and all of the relevant companies and actors are based in California, California law applies.

    **C.**    **Under California Law, Only Officers, Directors, And Authorized Agents Of A Company Owe Fiduciary Duties To Companies And Their Shareholders.**

Under California law, only those individuals who are "endowed by the board of directors or the bylaws with discretionary power to manage corporate affairs"—*i.e.*, officers and directors, or agents expressly authorized to exercise control over corporate affairs—owe a fiduciary duty to a company or its shareholders. *GAB Bus. Serv. Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal. App. 4th 409, 420 (Cal. Ct. App. 2000), *disapproved on other grounds in Reeves v. Hanlon*, 33 Cal. 4th 1140 (2004); *see also Hobart v. Hobart Estate Co.*, 159 P.2d 958 (Cal. 1945); *Kim v. Sumitomo Bank of California*, 21 Cal. Rptr. 2d 834, 839 (Cal. Ct. App. 1993). But by contrast to

---

with the litigation. *Tyco*, 756 F.2d at 560; *see Greenspun v. Lindley*, 330 N.E.2d 79, 81 (N.Y. 1975) ("we reject any automatic application of the so-called 'internal affairs' choice-of-law rule.").

New York law, under which "all employees have a fiduciary duty to their employers, regardless of their rank and the level of their position," *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 485 (E.D.N.Y. 2008), under California law "employment-type relationships are not fiduciary relationships," and generally cannot give rise to a "breach of fiduciary duty as a matter of law," *O'Byrne v. Santa Monica-UCLA Medical Ctr.*, 94 Cal. App. 4th 797, 811-812 (Cal. Ct. App. 2001); *see also Michelson v. Hamada*, 36 Cal. Rptr. 2d 343, 348, 350 (Cal. Ct. App. 1995) ("mere contractual relationship" does not give rise to fiduciary obligations). Whether an individual fits within one of the covered categories, such that he or she exercises adequate "discretionary authority" to be a fiduciary of a company or its shareholders, is a "question of fact." *GAB*, 83 Cal. App. 4th 409, 420-21 (Cal. Ct. App. 2000).

Only if the jury, applying these standards, finds that the alleged insiders in this case were in a fiduciary relationship with their respective companies, or the "functional equivalent" thereof, may it find that the alleged disclosures of inside information satisfied the breach of duty element of the offense. To carry its burden of proof, therefore, the prosecution must establish beyond a reasonable doubt that the alleged corporate insider tippers here—Mr. Miri and Mr. Brennan for Marvell; Mr. Bhalla for Polycom; Ms. Hussain for Google—either (i) were officers, directors, or authorized agents of those companies or (ii) otherwise owed to those companies, through contractual or similar arrangements, an equivalently clear and well-defined legal obligation to maintain the company's information in trust and confidence. *See Chestman*, 947 F.2d at 568-70. Without that finding, there can be no actionable "breach" of fiduciary (or equivalent) duty as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the Court should instruct the jury in accordance with the attached proposed instruction on fiduciary duties.

Dated:  July 16, 2012

Respectfully submitted,

/s/ David L. Anderson
_____

David L. Anderson
(dlanderson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
(drody@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(bberenson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*