REDACTED FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :  ECF CASE
                        Plaintiff,                             :  12 Cr. 125 (JSR)
                                                               :
        vs.                                                    :
                                                               :
DOUG WHITMAN,                                                  :
                                                               :
                        Defendant.                             :
                                                               :
-------------------------------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOUGLAS F. WHITMAN'S MOTION TO EXCLUDE STATEMENTS RELATING TO PERSONAL WEALTH OR IMPLICATING RACE, RELIGION, GENDER OR POLITICAL ISSUES

David L. Anderson
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(Admitted *pro hac vice* )
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*

## TABLE OF CONTENTS

                                                    **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

CONCLUSION .........................................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brough v. Imperial Sterling Ltd.*,
   297 F.3d 1172 (11th Cir. 2002) ...................................................................................1

*Contemporary Mission, Inc. v. Bonded Mailings, Inc.*,
   671 F.2d 81 (2d Cir. 1982)............................................................................................3

*Loussier v. Univ. Music Grp., Inc.*,
   No. 02-cv-2447, 2005 WL 5644421, at *2 (S.D.N.Y. Jul. 14, 2005)...........................2

*United States v. Birney*,
   686 F.2d 102 (2d Cir. 1982)..........................................................................................1

*United States v. Frasch*,
   818 F.2d 631 (7th Cir. 1987) ........................................................................................3

*United States v. Ham*,
   998 F.2d 1247 (4th Cir. 1993) ......................................................................................3

*United States v. Quattrone*,
   441 F.3d 153 (2d Cir. 2006).........................................................................................2

*United States v. Stahl*,
   616 F.2d 30 (2d Cir. 1980)...........................................................................................2

**RULES**

Fed. R. Evid. 402 ................................................................................................................1

Fed. R. Evid. 403 ................................................................................................................1

**OTHER AUTHORITIES**

22 Wright & Graham, *Federal Practice & Procedure* § 5215 (1978 & 2012 Supp.).......3

Defendant Douglas F. Whitman respectfully moves, pursuant to Federal Rules of Evidence 402 and 403, to preclude the government from introducing at trial any statements or other evidence relating to Mr. Whitman's personal wealth or implicating racial, religious, sexual, or political issues. In pre-trial disclosures, the government reserved the right to introduce at trial recorded conversations between Mr. Whitman and others that include such comments, although it has not to date formally designated the portions of tapes that contain them. There have also been e-mail and instant messages provided in discovery that contain stray remarks or other evidence relating to these topics. These inflammatory topics obviously have no relevance to the charges in this case, so there is no affirmative reason to include them, and the potentially prejudicial effect of even innocuous or ambiguous comments on such topics is ample basis for excluding them. Out of an abundance of caution, therefore, Mr. Whitman respectfully requests that this court rule in limine that such evidence will not be received.

## ARGUMENT

Evidence is inadmissible under the Federal Rules of Evidence if it is either (i) "not relevant" to any disputed issue in the case, Fed. R. Evid. 402, or (ii) "unfair[ly] prejudic[ial]" to the defendant, Fed. R. Evid. 403. *See United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982). The statements challenged in this motion are both.

Statements concerning Mr. Whitman's personal wealth bear no relation to the charges in this case,[1] and therefore are irrelevant and inadmissible under Rule 402. The "general rule" is

---

[1] For example, in recorded conversations with ▮▮▮▮▮▮, a friend and former employee and consultant of ▮▮▮▮▮▮ Mr. Whitman discusses ▮▮▮▮▮▮ In separate recorded conversation with Karl Motey, an independent research analyst, Mr. Whitman refers to ▮▮▮▮▮▮ In addition, emails from Mr. Whitman to ▮▮▮▮▮▮

that "no reference should be made to the wealth or poverty of a party." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (internal citation omitted); *cf. United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (wealth evidence may generally be admitted only if relevant as proof of charged conduct or of motive). Here, there is no allegation that Mr. Whitman's wealth is materially attributable to the charged conduct, such that his assets might conceivably serve as proof thereof; nor is it alleged that Mr. Whitman was somehow motivated by his wealth to participate in the charged conspiracies.

More fundamentally, even if the statements did have some minimal probative value (which they do not), they would have to be excluded because of the significant risk of unfair prejudice to Mr. Whitman. Courts have consistently recognized that evidence of a defendant's compensation or net worth poses a significant danger of "appeal[ing] to class prejudice," and should generally be excluded under Rule 403 for that reason. *United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980) (citing *United States v. Socony-Vaccuum Co.*, 310 U.S. 150 (1940)); *see also, e.g.*, *Quattrone*, 441 F.3d at 187; *Loussier v. Univ. Music Grp., Inc.*, No. 02-cv-2447, 2005 WL 5644421, at *2 (S.D.N.Y. Jul. 14, 2005). This risk is particularly significant here, given that this case follows on the heels of other highly publicized insider trading prosecutions in this district involving wealthy defendants.

Similar considerations compel the exclusion of comments by Mr. Whitman that might be deemed racially derogatory, religiously intolerant, sexually explicit, or politically divisive.[2] This case does not in any way concern Mr. Whitman's political positions, or his views regarding ra-

---

[2] For example, in conversations with ▓▓▓▓▓ Mr. Whitman refers to ▓▓▓▓▓ ▓▓▓▓▓ Those conversations also ▓▓▓▓▓, common in the culture of Wall Street traders and investment professionals, including ▓▓▓▓▓ ▓▓▓▓▓ They also engage in occasional discussions of national politics and political figures ▓▓▓▓▓

2

cial, religious, or sexual matters, and these comments could not serve as proof of any material issue in this case. The only purpose their admission could possibly serve is to prejudice jurors against Mr. Whitman. *See* 22 Wright & Graham, *Federal Practice & Procedure* § 5215 (1978 & 2012 Supp.) (discussing special problems of relevance with evidence of "race, religion, [or] sex"). It is in fact difficult to conceive of comments more likely to inflame or prejudice a juror than statements like these, which may be understood to impugn a juror's political views or sexual mores, or to disparage his or her race or religion. *See id.* ("Evidence that suggests decision on the basis of the suspect categories of race, religion, sex, or wealth has a high potential for prejudice."); *see also, e.g.*, *Contemporary Mission, Inc. v. Bonded Mailings, Inc.*, 671 F.2d 81, 84 (2d Cir. 1982) (noting inflammatory nature of such evidence); *United States v. Ham*, 998 F.2d 1247, 1252-53 (4th Cir. 1993) (same). There is, in short, no reason to admit these statements, and every reason to exclude them.

     Accordingly, references to Mr. Whitman's wealth or comments implicating racial, religious, sexual, or political issues should be excluded from trial. To the extent such references or comments may appear as integral parts of otherwise relevant and admissible conversations or documents, they should be deleted or redacted before the evidence is put before the jury. *See United States v. Frasch*, 818 F.2d 631, 633 (7th Cir. 1987) (suggesting redaction of inflammatory statements from transcripts). This procedure will ensure that any probative evidence may be admitted, while guarding against the unfair prejudice that would result to Mr. Whitman if these inflammatory statements were presented to the jury and allowed to distract from the evidence bearing on the charged offenses.

## **CONCLUSION**

For the foregoing reasons, this motion should be granted and the government should be precluded from introducing at trial statements by Mr. Whitman relating to his personal wealth or comments implicating racial, religious, sexual, or political issues.

Dated: July 16, 2012                                     Respectfully submitted,

/s/ David L. Anderson
_____

David L. Anderson
(dlanderson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
(drody@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(bberenson@sidley.com)
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*