UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

   -v.-                             :           12 Cr. 125 (JSR)

DOUG WHITMAN,                      :

             Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DOUG WHITMAN'S MOTION FOR A RULING AND JURY INSTRUCTION CONCERNING THE LEGALITY OF FINANCIAL "CHECKS"

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
      of America.

CHRISTOPHER LAVIGNE
JILLIAN BERMAN
Assistant United States Attorneys
   - Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x

UNITED STATES OF AMERICA         :

   -v.-                          :           12 Cr. 125 (JSR)

DOUG WHITMAN,                    :

           Defendant.          :

------------------------------- x

### THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DOUG WHITMAN'S MOTION FOR A RULING AND JURY INSTRUCTION CONCERNING THE LEGALITY OF FINANCIAL "CHECKS"

The Government respectfully submits this memorandum of law in opposition to Doug Whitman's ("Whitman" or the "defendant") Motion For a Ruling and Jury Instruction Concerning the Legality of Financial "Checks."

For the reasons set forth below, this motion should be denied.

### ARGUMENT

Whitman argues for a ruling and jury instruction that the process of conducting financial "checks" or "channel checks" – which the defense defines as "verifying the financial information disseminated by a company by checking with the company's employees, its suppliers, its distributors, its resellers, its competitors, or others in the industry" – is lawful. (Def. Mem. at 2). He argues that there will be evidence that Whitman engaged in such "checks," that these "checks" are entirely proper, and that without a jury instruction to that effect, the jury may improperly convict Whitman based on lawful conduct.

Whitman's motion can swiftly be rejected. The legal requirements for insider trading under Rule 10b-5 are well established. To prove the substantive offense of securities fraud, the Government must prove the following: (1) in connection with the purchase or sale of a security, the defendant employed a device, scheme or artifice to defraud, or engaged in an

1

act, practice or course of business that operated, or would operate, as a fraud or deceit upon some person; (2) the defendant acted willfully, knowingly and with the intent to defraud; and (3) the defendant used or caused to be used any means or instruments of transportation or communication in interstate commerce, or the use of the mails or any facility of any national securities exchange, in furtherance of the fraudulent conduct. *See* Sand, *Modern Federal Jury Instructions*, Instr. 57-20.

Where, as here, the securities fraud offense is insider trading and the defendant is a "tippee" or a "remote tippee," the Government must prove (in connection with the first element of the substantive offense) that: (1) the "insider" or source of information had a relationship of trust and confidence with the owner of Inside Information, and as a result of that relationship was entrusted with this Information with the reasonable expectation that he would keep it confidential; (2) the insider or source, directly or indirectly, breached that trust by disclosing Inside Information; (3) the defendant knew that the insider had breached a duty to the owner of the Inside Information by disclosing it; (4) the defendant used the Inside Information to purchase or sell a security; and (5) the insider or source benefitted in some way, directly or indirectly, from the disclosure of the Inside Information. *See United States v. O'Hagan*, 521 U.S. 642 (1997); *United States v. Falcone*, 257 F.3d 226 (2d Cir. 2001); *United States v. Libera*, 989 F.2d 596 (2d Cir. 1993); *SEC v. Warde*, 151 F.3d 42 (2d Cir. 1998). To prove a conspiracy charge, the Government must establish that: (1) two or more persons entered into the unlawful agreement charged in the Indictment; (2) the defendant knowingly and willfully joined the conspiracy; and (3) one of the conspirators committed an overt act in furtherance of the conspiracy. *See, e.g., United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003).

The jury will be properly instructed as to these essential elements of the offenses with which Whitman is charged, and can only convict Whitman on any given count if it finds that each of these elements is proven beyond a reasonable doubt.

Whitman argues nonetheless that the jury will be confused and misled by certain of the evidence presented at trial regarding financial "checks" that Whitman conducted. Whitman argues that absent his requested instruction, "a jury accustomed to a colloquial understanding of 'inside information,' and acutely aware that retail investors cannot meet with a CFO before investing . . . may . . . easily conclude that there is something intrinsically wrong with" Whitman's reference in a conversation to having a meeting with Marvell's CFO. (Def. Mem. at 6). Respectfully, it is highly doubtful that the jury will be "accustomed to a colloquial understanding of inside information." Inside Information – or "material nonpublic information" – is a legal construct that will be defined by the Court in jury instructions, the same instructions that have been given time and time again in insider trading cases in this courthouse.

Whitman cites to *Dirks v. SEC*, 463 U.S. 646 (1983), as support for his position that financial checks are proper and he is entitled to a jury charge stating as much. Yet the *Dirks* court provided the solution to Whitman's concern. In *Dirks*, the Supreme Court acknowledged that "seeking out information is a critical part of a securities analyst's job," and that analysts "ferret out and analyze information . . . by meeting with and questioning corporate officers and others who are insiders." (Def. Mem. at 3-4; *Dirks,* at 658). It was precisely in recognition of this fact that the *Dirks* court established that liability may be imposed if Inside Information is provided by an insider for an improper purpose. It is this improper motivation – one that includes acting for an anticipated benefit, as defined by case law – that in part prevents an individual from being convicted for securities fraud based on proper analysis and research.

3

Simply put, the essential elements of federal securities fraud require that in order to convict Whitman, the jury must find that a company insider disclosed information in breach of a duty owed to his company, that Whitman knew of this breach, and that the insider disclosed the information for an improper purpose, *i.e.*, a personal benefit. Those essential elements preclude a jury from convicting Whitman if the evidence presented at trial reflects only that he engaged in legitimate research.

Moreover, while it is certainly the case that some of the conduct concerning research or financial checks that Whitman describes in his brief may be proper,[1] his overly broad characterization of financial checks also sweeps in improper, illegal conduct. For example, it would be illegal for Whitman, or others at his direction or with his agreement, to meet with and question company insiders for the purpose of obtaining (or attempting to obtain) important, confidential company information, which they know that insider would not be authorized to disclose, and where that company insider would be motived to disclose the information for an improper purpose, *i.e.*, a personal benefit. Yet such conduct – which largely turns on intent – could fall within Whitman's broad characterization of financial "checks."

Finally, not only is there no need for an instruction of the sort Whitman requests, but there is no legal support for such an instruction. The Government is aware of no case that recognizes "channel checking" as a legal defense to insider trading and indeed, such conduct in some instances may amount to wire fraud, if not securities fraud. And, as indicated above,

---

[1] Indeed, the Government anticipates that certain Government witnesses will state as much. For example, the Government anticipates that company representatives and cooperating witnesses who testify for the Government will explain some of the things that research analysts and investors customarily and properly do in order to learn more about companies in which they (or others) invest. This includes meetings with company executives and officers like the Chief Financial Officer ("CFO") and Investor Relations Officer of a company – in one-on-one meetings, smaller group meetings, or larger conferences held for investors.

4

the broad, categorical legal instruction that Whitman requests could encompass illegal conduct.

Ultimately, the means by which the jury will determine whether Whitman's conduct falls within the realm of a criminal statute is by following the Court's legal instructions on what constitutes insider trading, outlined above, and not what does *not* constitute insider trading.

## CONCLUSION

Accordingly, for the reasons set out above, Whitman's motion should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  /s/
Jillian Berman/Christopher LaVigne
Assistant United States Attorneys
Tel.: (212) 637-2197/2325

5