UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                     :

UNITED STATES OF AMERICA,          :
                                       :   ECF CASE
                  Plaintiff,       :   12 Cr. 125 (JSR)
                                         :

            vs.                       :
                                         :

DOUG WHITMAN,                    :
                                         :
                Defendant.      :
                                         :
------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOUGLAS F.
WHITMAN'S MOTION TO INTRODUCE PRIOR TESTIMONY OF
<u>SUNIL BHALLA UNDER FEDERAL RULE OF EVIDENCE 804</u>**

David L. Anderson
(Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA
(415) 772-1200
(415) 772-7400 (fax)

David M. Rody
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Bradford A. Berenson
(Admitted *pro hac vice* )
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Douglas F. Whitman*

Defendant Douglas F. Whitman respectfully submits this memorandum of law in support of his motion to introduce prior deposition testimony of Sunil Bhalla under Federal Rule of Evidence 804(b)(1).  At trial, the government has introduced evidence through its witness, Roomy Khan, that Ms. Khan received material nonpublic information ("MNPI") about Polycom from Mr. Bhalla.  However, in a deposition taken by the United States in a prior civil proceeding, *see* Deposition of Sunil Bhalla, No. 11-cv-170 (S.D.N.Y. July 8, 2011) (JSR) (attached as Exhibit A to the Decl. of Bradford A. Berenson, filed herewith) (full transcript), Mr. Bhalla repeatedly testified that he never shared MNPI with Ms. Khan.  Mr. Whitman seeks to read into the record portions of that prior testimony in which Mr. Bhalla denies sharing MNPI with Ms. Khan.  *See id.* at page 129 line 19 through page 134 line 10; page 189 lines 10 through 17; and page 211 line 17 through page 212 line 15 (Berenson Decl. Ex. B) (excerpted transcript).  Those portions of Mr. Bhalla's prior testimony that directly rebut Ms. Khan's statements should be admitted under Rule 804(b)(1) because Mr. Bhalla is unavailable to testify and the government had ample opportunity and a similar motive to develop his prior testimony.  The proceeding in which Mr. Bhalla was deposed involved virtually the same allegations at issue in Counts Two and Three of the indictment against Mr. Whitman – *i.e.*, that Mr. Bhalla provided Ms. Khan with MNPI about Polycom, including in January 2006.

Mr. Bhalla also testified in that same deposition that he never shared MNPI with Mr. Whitman.  *See* Berenson Decl. Ex. A at page 174 line 18 through page 177 line 7.  Should the government introduce evidence to the contrary, as it has indicted in its Rule 404(b) notice that it may do, this testimony should be admitted for the same reasons discussed below.

## ARGUMENT

A witness's "former testimony" will not be excluded as hearsay if (1) "the declarant is unavailable as a witness" and (2) the "[t]estimony was given as a witness at a … lawful deposition, whether . . . in the current proceeding or a different one" and  is now offered against a party who had . . . an opportunity and similar motive to develop" the testimony. Fed. R. Evid. 804(b)(1).  Mr. Bhalla's deposition testimony easily satisfies those requirements.

### A.      Mr. Bhalla Is Unavailable.

Mr. Bhalla plainly is unavailable within the meaning of Rule 804.  The Second Circuit has "'long recognized that "unavailability" includes within its scope those witnesses who are called to testify but refuse based on a valid assertion of their fifth amendment privilege against self-incrimination.'"  *United States v. Bahadar*, 954 F.2d 821, 827, 828 (2d Cir. 1992); *accord United States v. Jackson*, 335 F.3d 170, 177 (2d Cir. 2003).  Prior to trial, Mr. Bhalla's counsel informed Mr. Whitman that, if called, he would invoke his Fifth Amendment right against self-incrimination.  *See* Ltr. from T. Crudo to B. Berenson (July 9, 2012) (Berenson Decl. Ex. C). Mr. Whitman then asked the government to grant Mr. Bhalla immunity so that he could testify, but the government declined.  *See* Email from B. Berenson to J. Berman, et al. (July 18, 2012) (Berenson Decl. Ex. D); Email from C. LaVigne to B. Berenson (July 21, 2012) (Berenson Decl. Ex. E).

### B.      The United States Was a "Party" in the Prior Proceeding.

The testimony of an unavailable witness, like Mr. Bhalla, is admissible when it is being offered against "a party" that had the requisite opportunity and motive to develop the testimony. Fed. R. Evid. 804(b)(1)(B).  Here, the United States was a party in the prior proceeding, which was a deposition of Mr. Bhalla conducted in the course of a civil enforcement action brought by the SEC against Mr. Bhalla and others.  *See* Compl., *SEC v. Feinblatt*, No. 11 CV 0170 (filed

Jan. 10, 2011) (Berenson Decl. Ex. F).  As common sense would dictate, federal prosecutors in similar circumstances did "not dispute that … the government was a party to the prior criminal trials and SEC proceedings at which the declarants gave the former testimony."  *United States v. Skilling*, No. 04-025, 2006 WL 1155566, at *1 (S.D. Tex. Apr. 27, 2006) (criminal defendant sought to introduce at his trial prior testimony from SEC proceedings).

Even were it not self-evidently the case that the office of the United States Attorney and the SEC are a single "party" for these purposes, it certainly is true under the circumstances of this case.  The earlier proceeding involved some of the same facts and allegations at issue here (specifically, that Roomy Khan passed inside information from Mr. Bhalla about Polycom in January 2006 to Trivium Capital Management and its principal, Rob Feinblatt).  Throughout the government's investigation of these matters, and specifically in proceedings against Mr. Whitman, the SEC and the U.S. Attorney's Office have operated in closely coordinated fashion.  The SEC filed its complaint against Mr. Whitman on the same day that the U.S. Attorney's Office unsealed the indictment against him—at which point each issued a press release thanking the other for cooperation and support.[1]  Indeed, one of the prosecutors who presented evidence to the Whitman grand jury was a staff attorney on loan from the SEC who previously worked on the civil matter while at the SEC.  The Polycom charges (which are the subject of the deposition testimony) are nearly identical in the SEC complaint and the indictment against Mr. Whitman.  The United States plainly has been a party to both proceedings.

---

[1] *See* Berenson Decl. Ex. G (U.S. Attorney's Feb. 10, 2012 Press Release); *id.* Ex. H (SEC Feb. 10, 2012 Press Release).

### C.   The Government Had "Opportunity and a Similar Motive" to Develop Mr. Bhalla's Testimony.

For closely related reasons, there should be little dispute that the United States has been "on the same side of the same issue at both proceedings … [and] had a substantially similar interest in asserting that side of the issue." *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993) (en banc).  Most directly, the government had every opportunity to develop Mr. Bhalla's testimony at his deposition.  It was the government that subpoenaed Mr. Bhalla and conducted his deposition.  It questioned him over the course of more than 170 pages of the 221-page deposition transcript.  Berenson Decl. Ex. A.  Indeed, not only did the government have the "opportunity" to question Mr. Bhalla, it questioned him on the precise topic at issue here in Counts Two and Three of the indictment against Mr. Whitman.  Specifically, the government's questioning went to the issue of whether Mr. Bhalla truly "did not discuss anything with Roomy Khan that was not already public," *see* Berenson Decl. Ex. B at 130, including in the January 2006 period.  Courts have found a "full and fair opportunity" under circumstances less compelling than these.  *See, e.g.*, *United States v. Salim*, 855 F.2d 944, 954 (2d Cir. 1988) (admitting prior deposition under Rule 804(b)(1) that took place in France notwithstanding that the party opposing introduction had been permitted only to submit written questions).

The government's "motive" in the two proceedings also is far more than sufficiently similar.  Although "similar motive does not mean identical motive," *United States v. Carneglia*, 256 F.R.D. 366, 375 (E.D.N.Y. 2009) (internal quotation marks and citations omitted), the government's motive here indeed was the same.  The government has been on the "same side of the same issue" in this case and in the proceedings leading to Mr. Bhalla's deposition, *DiNapoli*, 8 F.3d at 912—in both, it was seeking to prove (whether civilly or criminally) allegations amounting to insider trading.  *Cf. Skilling*, 2006 WL 1155566, at *8 (rejecting argument by federal pros-

4

ecutors that testimony should be excluded merely because it was developed during a civil SEC

hearing). Indeed, the similarities go much beyond that: In both, the government had a "substan-

tially similar interest" in attempting to demonstrate that Mr. Bhalla passed MNPI concerning Po-

lycom to Ms. Khan. *Id.* Whether Mr. Bhalla had done so – and specifically whether Mr. Bhalla

had done so in January 2006 – was central to both proceedings: That basic fact goes to the core

issue of whether Ms. Khan possessed MNPI regarding Polycom, and in order to prove that Ms.

Khan tipped certain individuals in the prior proceeding (and Mr. Whitman here), the government

obviously needed to establish that she in fact possessed such information. Because Mr. Bhalla's

veracity as to this critical fact was "at stake" in the earlier proceeding, the government had more

than the requisite motive. *DiNapoli*, 8 F.3d at 912.[2]

## CONCLUSION

Mr. Bhalla's deposition testimony directly contradicts the testimony of one of the gov-

ernment's star witnesses, Ms. Khan. His testimony therefore is plainly relevant, and indeed ne-

cessary, for the jury to reach an accurate verdict. Because Mr. Bhalla is unavailable and the gov-

---

[2] Mr. Whitman anticipates that if this motion is granted, the government will seek to introduce a
recorded conversation between Mr. Bhalla and Ms. Khan that was played during Mr. Bhalla's
deposition. The content of the audio recording was not reported by the Deposition Reporter. *See*
Berenson Decl. Ex. A at 167. This recording is not admissible under Rule 804(b)(1) because the
recording was not a statement given at a trial, hearing, or lawful deposition, as the rule requires.
Indeed, the recording was made by Khan in October 2008, nearly three years before the July 8,
2011 deposition of Mr. Bhalla. Similarly, the recording is not admissible under Federal Rule of
Evidence 106, because any discussion of the recording in the deposition is not explanatory of or
relevant to the portions of the deposition transcript that Mr. Whitman seeks to introduce, as dem-
onstrated by the fact that those portions are not adjacent to or a continuation of any reference in
the transcript to the audio recording. *Compare* Berenson Decl. Ex. B page 129 line 19 through
page 134 line 10; page 189 lines 10 through 17; and page 211 line 17 through page 212 line 15
*with* Berenson Decl. Ex. A at page 166-174. *See also United States v. Marin*, 669 F. 2d 73, 84
(2d Cir. 1982) (stating that Rule 106 does not "require introduction of portions of a statement
that are neither explanatory nor relevant to the admitted passages.") Likewise, the recording is
not admissible as proof of the conspiracy charged in Count Two, because that conspiracy is al-
leged to have ended in 2007.

ernment had an opportunity and similar motive to develop his testimony at his civil deposition,

this exculpatory evidence is admissible under Rule 804(b)(1).

Dated:  August 13, 2012                     Respectfully submitted,

                                      /s/ David L. Anderson

                                  David L. Anderson
                                  (dlanderson@sidley.com)
                                  (Admitted *pro hac vice*)
                                  SIDLEY AUSTIN LLP
                                  555 California Street
                                  San Francisco, CA
                                  (415) 772-1200
                                  (415) 772-7400 (fax)

                                  David M. Rody
                                  (drody@sidley.com)
                                  SIDLEY AUSTIN LLP
                                  787 Seventh Avenue
                                  New York, New York 10019
                                  (212) 839-5300
                                  (212) 839-5599 (fax)

                                  Bradford A. Berenson
                                  (bberenson@sidley.com)
                                  (Admitted *pro hac vice*)
                                  SIDLEY AUSTIN LLP
                                  1501 K Street, N.W.
                                  Washington, D.C. 20005
                                  (202) 736-8000
                                  (202) 736-8711 (fax)

                                  *Attorneys for Douglas F. Whitman*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2012, I caused a true and correct copy of

(1) Notice of Defendant Douglas F. Whitman's Motion to Introduce Prior Testimony of Sunil

Bhalla Under Federal Rule of Evidence 804; (2) Memorandum of Law in Support of Defendant

Douglas F. Whitman's Motion to Introduce Prior Testimony of Sunil Bhalla Under Federal Rule

of Evidence 804; and (3) a Declaration of Bradford A. Berenson in Support of Defendant

Douglas F. Whitman's Motion to Introduce Prior Testimony of Sunil Bhalla Under Federal Rule

of Evidence 804, and accompanying exhibits; to be served by hand and via ECF filing

notification on the following counsel of record:

> Jillian Berman, AUSA
> Christopher LaVigne, AUSA
> United States Attorney's Office
> Southern District of New York
> One Saint Andrew's Plaza
> New York, NY 10007


Dated:  August 13, 2012                          /s/ David L. Anderson
                                                 _____

                                                 David L. Anderson
                                                 (dlanderson@sidley.com)
                                                 (Admitted *pro hac vice*)
                                                 SIDLEY AUSTIN LLP
                                                 555 California Street
                                                 San Francisco, CA
                                                 (415) 772-1200
                                                 (415) 772-7400 (fax)

                                                 *Attorneys for Douglas F. Whitman*