**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12 cr 125 (JSR) |
| Plaintiff, | **DEFENDANT WHITMAN'S MOTION FOR RELEASE PENDING APPEAL** |
| vs. | |
| DOUG WHITMAN, | |
| Defendant. | |

_____

### A.      Introduction

Douglas Whitman hereby requests that he be released pending his appeal and final

resolution of his § 2255 petition.  In that petition, Mr. Whitman sought a new trial because the

jury instruction defining "personal benefit" at his trial was erroneous under *United States* v.

*Newman*, 773 F.3d 438 (2d Cir. 2014), and he was prejudiced by the error.  This Court denied his

§ 2255 petition in July, and in August, it denied his request for a certificate of appealability.

(Dkts. 189, 190.)

Mr. Whitman then moved for a certificate of appealability in the Second Circuit.  Last

week, on December 8th, the Circuit granted his motion.  The Circuit has thus ruled that his

appeal and underlying § 2255 petition present substantial questions that merit appellate review.

Mr. Whitman is in the final months of his sentence.  Earlier this month, he was

transferred from USP Lompoc minimum security to a half-way house.  He is scheduled to be

released on May 29th. It is a virtual certainty that, unless released, Mr. Whitman will complete

his half-way house term before his appeal is decided by the Circuit.  Therefore, if he is not

released now and ultimately prevails on his appeal, Mr. Whitman will be left without any remedy

as to his sentence of incarceration. Moreover, Mr. Whitman's conduct in prison, where he was the Town Driver, taught education classes, and had no discipline actions, was exemplary. Most importantly, there are urgent family circumstances which support his request for release at this time.

### B.     Inherent Authority to Order Release

This Court has authority to order Mr. Whitman released pending resolution of his § 2255 appeal, just as it previously ordered him released pending his direct appeal. Bail pending appeal is governed by 18 U.S.C. § 3143(b). That statute does not apply directly to release pending review of a collateral attack, but the Second Circuit has nonetheless held that a district court has "inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978); *accord Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *see also* Fed. R. App. P. 23.

The standard for obtaining such relief is related to the § 3143 standard. A prisoner seeking release must show that he is not a flight risk, that he does not pose a danger to the community, and that his § 2255 motion presents a substantial question. *See McNaught v. United States*, 2009 WL 1181266 (S.D.N.Y. 2009); *Swerbilov v. United States*, 2005 WL 1177938 at *1-3 (E.D.N.Y. 2005). In addition, due to the nature of collateral attacks, a prisoner seeking release pending review of his § 2255 motion must make "a greater showing of special reasons for admission to bail pending review." *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., proceeding on bail application); *see Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990).

This "greater showing" requires the prisoner to demonstrate either that his case is unusual or that there are extraordinary circumstances that justify release. "[A] habeas petitioner should

be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist

which make the grant of bail necessary to make the habeas remedy effective." *Ostrer*, 584 F.2d

at 597 n.1 (citations and internal quotation marks omitted).

### C. Mr. Whitman Should Be Released

#### 1. *Danger and Flight Risk*

This Court previously granted Mr. Whitman's request for release pending his direct

appeal. In so ruling, it noted that there was "really no question" that Mr. Whitman was not a

flight risk. (Jan. 24, 2013 Sentencing Hearing Tr. at 58.) It similarly noted that it was "quite

clear from all the facts and circumstances that he's not a danger to the community." (*Id.*)

Indeed, noting Mr. Whitman's character, this Court stated that far from being a danger,

"Everything now points the other direction." (*Id.* at 59.)

Those findings, true in 2013, are even more clearly true today. Given that he has already

served much of his sentence, Mr. Whitman has even less incentive to flee. During the pendency

of his appeal, Mr. Whitman consistently complied with the terms of his release. He has been a

model prisoner with no disciplinary incidents. As a result, and based on this Court's prior

findings, Mr. Whitman does not expect the government to contend that he is either a flight risk or

a danger to the community.

#### 2. *Substantial Question*

Mr. Whitman's § 2255 motion also presents a substantial question which, if resolved in

his favor, would entitle him to a new trial. Mr. Whitman's legal arguments, based primarily on

the Second Circuit's decision in *Newman*, were presented in his memorandum of law filed in

support of his motion. (Dkt. 183.)

After this Court denied his § 2255 motion, the Second Circuit granted a certificate of appealability. The Second Circuit thus necessarily found that Mr. Whitman had made a "substantial showing" that his rights were denied, 28 U.S.C. § 2253(c)(2), and that "reasonable jurists could debate" the merits of his § 2255 motion. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In short, although the Second Circuit has not yet ruled on the merits of the appeal, it has already ruled that Mr. Whitman's appeal presents a substantial question.

In fact, the Second Circuit has already granted release to defendants raising similar issues under *Newman*. Last summer, in *United States v. Riley*, No. 15-1541, the Second Circuit granted the defendant's emergency motion for release pending decision of his direct appeal. The defendant in *Riley* was convicted of securities fraud charges based on allegations that he, as an insider at a public company, leaked inside information to a former co-worker who worked at a hedge fund. *See United States v. Riley*, -- F. Supp. 3d --, 2015 WL 891675 at *2-3 (S.D.N.Y. March 3, 2015). At his trial, the jury was instructed that it could find him guilty if it found that he had disclosed information for the purpose of "just maintaining or furthering a friendship." *Id*. at *5 & n.5.

After his September 2014 conviction, the Second Circuit decided *Newman*. Riley then filed a motion for a new trial, arguing that the friendship instruction was erroneous under *Newman*. The district court denied the motion, in part because Riley had not objected to the instruction at trial, and in part because it held that the evidence of guilt was overwhelming. *Id*. at *6. The district court also denied his motion for release pending appeal. Riley was thus scheduled to surrender to BOP custody on June 26, 2015.

Riley filed a notice of appeal, and he also filed an emergency motion to the Second Circuit requesting release pending appeal. The government opposed the motion. (*See United States v. Riley*, No. 15-1541, Dkt. 27-1, Government's Opposition to Bail Motion (June 11, 2015)). As it did in opposition to Mr. Whitman's § 2255 motion, the government argued that Riley's *Newman* claims were procedurally defaulted. (*Id*. at 10-11.) The Second Circuit, however, disagreed. At oral argument, the Court granted a stay from the bench while it considered the bail motion. The Court then issued a written order the next day noting that it had granted the stay and bail pending appeal, while also ordering Riley's appeal expedited. (No. 15-1541, Dkt. 34.)

The bail ruling in *Riley* further demonstrates that this case presents a substantial question meriting release. In fact, Mr. Whitman's substantive claim is stronger than Riley's. As an initial matter, Riley conceded that he did not preserve his *Newman* claim at trial because he never objected to the instruction at all. By contrast, Mr. Whitman objected to the instruction at trial, and the government's default claim is based on an argument that he did not clearly raise the issue as an independent claim on direct appeal. But more importantly, the evidence of tangible benefit was much stronger in Riley's case than in Mr. Whitman's. In *Riley*, the government never argued a friendship theory to the jury, and did not rely on friendship evidence at all. Here, by contrast, as detailed in Mr. Whitman's prior filings, the government relied heavily on a friendship theory. The Second Circuit's decision to grant Riley release demonstrates that Mr. Whitman should also be released.

### 3. Unusual Circumstances

As described above, in addition to the usual factors required for release pending appeal under § 3143, release during § 2255 proceedings requires a "greater showing" of unusual

circumstances.  *Aronson*, 85 S. Ct. at 5.  This case presents unusual circumstances that merit release.

First, this is a highly unusual case precisely because the Second Circuit has already held that it presents a substantial question.  Many § 2255 motions are based on novel or speculative issues.  This is not such a case.  In this case, not only has the Second Circuit ruled in *Newman* that the instruction is invalid, it has also ruled in *Riley* that a defendant who received that instruction should be released while his claims are pending –and it also ruled in this case that a certificate of appealability should be granted.

Second, this case presents extraordinary circumstances, because Mr. Whitman has only a short time remaining on his sentence.  It is clear that the resolution of Mr. Whitman's § 2255 appeal will take longer than his remaining period of incarceration in a half-way house.  Thus, absent release at this time, there is thus a substantial likelihood that, even if his appeal is eventually decided in his favor by the Second Circuit, Mr. Whitman would be unable to obtain any meaningful relief as to his sentence of confinement.  Although the mere fact that a petitioner is incarcerated does not create the "unusual circumstances" required to justify release pending a collateral attack, *see Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981), this case is unusual because Mr. Whitman has only a short time left in custody.

Mr. Whitman's motion seeks invalidation of his conviction, so that he can be released from custody and be retried in front of a properly instructed jury.  There is a substantial possibility that a properly instructed jury would reach a contrary result, and Mr. Whitman would never have to return to prison.  All of that would be substantially meaningless, however, if he is required to remain in custody while his § 2255 motion is pending for many more months.  As a

result, "the grant of bail" is "necessary to make the habeas remedy effective." *Ostrer*, 584 F.2d at 597 n.1.

Third, this case presents unusual circumstances as a result of Mr. Whitman's family situation. With the court's permission, Mr. Whitman has filed a letter under seal explaining those circumstances, a redacted copy of which accompanies this motion. (Exhibit A) Suffice it to say, several of Mr. Whitman's family members are experiencing great difficulty in their lives, and they would benefit from his release from the half-way house while his appeal is pending. Mr. Whitman understands that this Court does not agree with the legal arguments presented in his § 2255 motion or appeal, but if this Court is ultimately proven correct and Mr. Whitman is proven wrong, Mr. Whitman will return to the half-way house for the remainder of his sentence. In the interim, however, Mr. Whitman's family circumstances provide a compelling basis for his release at this time.

### D.    Conclusion

This Court has previously noted Mr. Whitman's character and also his difficult family situation. Based in part on those considerations, as well as the indisputable conclusions that Mr. Whitman is neither a flight risk nor a danger to the community, this Court allowed Mr. Whitman to remain out of custody while his case, including his direct appeal, was pending. Mr. Whitman consistently complied with his conditions of release, and once his appeal was adjudicated, he reported to prison. Now, in light of *Newman,* the Second Circuit has determined that Mr. Whitman's § 2255 motion presents a substantial claim that he is entitled to a new trial. The ultimate merits of that claim will not be determined for many months, by which time his sentence of incarceration will be completed.

Mr. Whitman therefore requests, in the interests of justice, that this Court exercise its inherent authority to order him released pending final resolution of his Second Circuit appeal.

Dated: December 14, 2015

Respectfully submitted,

 /s Dennis P. Riordan
Dennis P. Riordan
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Fax: (415) 552-2703
E-mail: dennis@riordan-horgan.com

Alexandra A.E. Shapiro
SHAPIRO ARATO LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 257-4880
Fax: (212) 202-6417
E-mail:  ashapiro@shapiroarato.com

Theodore Sampsell-Jones
WILLIAM MITCHELL COLLEGE OF LAW
875 Summit Avenue
St. Paul, MN 55105
Telephone: (415) 846-5485
ted.sampselljones@witchell.edu