UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
  UNITED STATES OF AMERICA        :

         -v.-                    :        12 Cr. 125 (JSR)

  DOUG WHITMAN,                    :

            Defendant.       :
------------------------------------------------------x

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPPOSITION TO PETITIONER'S MOTION FOR RELEASE PENDING ADJUDICATION OF HIS APPEAL OF THE DENIAL OF HIS SECTION 2255 PETITION

PREET BHARARA
United States Attorney
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

Christine I. Magdo
Assistant United States Attorney
- Of Counsel -

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Aronson* v. *May*,
  85 S. Ct. 3 (1964) ................................................................................................................ 6

*Beras* v. *United States*,
  No. 05 CIV. 2678 BSJ, 2012 WL 2148986 (S.D.N.Y. June 12, 2012) ............................ 2

*Boddie* v. *New York State Div. of Parole*,
  No. 08 CIV. 9287 LAP/DF, 2009 WL 1531595 (S.D.N.Y. May 28, 2009) ..................... 2

*Carey* v. *Ricks*,
  No. 01 CIV 1181 (RWS), 2001 U.S. Dist. LEXIS 3650 (S.D.N.Y. 2001) .................. 3, 7

*Defino* v. *Thomas*,
  No. 02 CIV. 7413 (RWS), 2003 WL 40502 (S.D.N.Y. Jan. 2, 2003) .............................. 2

*Grune* v. *Coughlin*,
  913 F.2d 41 (2d Cir. 1990) .............................................................................................. 2

*Harris* v. *Allard*,
  2002 U.S. Dist. LEXIS 23667 (S.D.N.Y. Dec. 9, 2002) ................................................. 2

*Harris* v. *United States*,
  No. 97 CIV. 1904 (CSH), 1997 WL 272398 (S.D.N.Y. May 21, 1997) ..................... 3, 4

*Iuteri* v. *Nardoza*,
  662 F.2d 159 (2d Cir. 1981) ............................................................................................ 3

*Jackson* v. *Bennett*,
  2002 U.S. Dist. LEXIS 1448 (S.D.N.Y. Jan. 30, 2002) .......................................... 2, 3, 6

*Mapp* v. *Reno*,
  241 F.3d 221 (2d Cir. 2001) ............................................................................................ 2

*Ostrer* v. *United States*,
  584 F.2d 594 (2d Cir. 1978) ............................................................................................ 1

*Richard* v. *Abrams*,
  732 F.Supp. 24 (S.D.N.Y. 1990) ................................................................................. 2, 6

*Samuel* v. *I.N.S.*,
  No. 01 CIV. 3413 LTS/RLE, 2005 WL 120221 (S.D.N.Y. Jan. 20, 2005) ..................... 2

*Slack* v. *McDaniel,*
   529 U.S. 473 (2000) ................................................................................................................ 4

*United States* v. *Mett,*
   41 F.3d 1281 (9th Cir.1995) ..................................................................................................... 3

*United States* v. *Yarmoluk*,
   No. 96 CR. 863 (JSR), 1997 WL 642564 (S.D.N.Y. Oct. 17, 1997) ....................................... 3, 4, 5


**STATUTES**

Title 18, United States Code, Section 3143 ................................................................................ 2, 5

Title 28, United States Code, Section 2253 ................................................................................... 4

Title 28, United States Code, Section 2255 ............................................................................ *passim*

Doug Whitman has asked this Court to release him from the halfway house in which he is completing the custodial portion of his sentence, pending the Second Circuit's review of this Court's denial of Whitman's petition pursuant to 18 U.S.C. § 2255. Whitman bases his motion principally on three grounds: the Second Circuit's issuance of a certificate of appealability with respect to this Court's denial of his Section 2255 petition, the Second Circuit's recent decision to grant bail pending direct appeal in the case of *United States* v. *Riley*, and Whitman's family circumstances. However, the factors cited by Whitman in support of his motion do not satisfy the Second Circuit's very high standard for granting release pending resolution of a Section 2255 petition. First, the Second Circuit's grant of a certificate of appealability signifies nothing more than a belief that reasonable jurists could debate the merits of Whitman's Section 2255 petition, which hardly means that Whitman has a high probability of success, or that a victory for Whitman can be predicted with confidence. Second, in the *Riley* case, the defendant was permitted to remain on bail pending his *direct appeal*, which is governed by an entirely different and substantially more lenient standard than the standard governing the grant of bail pending *collateral attack* of a conviction. Third, neither Whitman's family circumstances nor that he is approaching the end of his custodial term qualifies as an "extraordinary" circumstance supporting bail. This Court should deny Whitman's motion for release.

## Applicable Law

The Second Circuit has held that a district court has inherent power to issue an order affecting the custody of a habeas petitioner, such as an order granting bail. *Ostrer* v. *United States,* 584 F.2d 594, 596 n.1 (2d Cir. 1978). Nevertheless, the Circuit has also said that "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the

1

habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Mapp* v. *Reno,* 241 F.3d 221, 226 (2d Cir. 2001) (quoting *Grune* v. *Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990)). Under this standard, Judges in this district have held that this high hurdle requires that the petitioner show a "demonstrated likelihood the petition will prevail" such that the petitioner has a "high probability of success." *Richard* v. *Abrams,* 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (Patterson, J.) (internal quotation marks and citations omitted); *see also Beras* v. *United States*, No. 05 CIV. 2678 BSJ, 2012 WL 2148986, at *1 (S.D.N.Y. June 12, 2012).

In determining whether the standard articulated in *Mapp* has been met, courts in this district consider three factors: (1) whether substantial claims are set forth in the habeas corpus petition; (2) whether the petitioner has demonstrated a likelihood of success on the merits of his or her petition; and (3) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective. *See Richard* v. *Abrams,* 732 F. Supp. at 25; *see also Boddie* v. *New York State Div. of Parole*, No. 08 CIV. 9287 LAP/DF, 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009); *Samuel* v. *I.N.S.*, No. 01 CIV. 3413 LTS/RLE, 2005 WL 120221, at *8 (S.D.N.Y. Jan. 20, 2005); *Defino* v. *Thomas*, No. 02 CIV. 7413 (RWS), 2003 WL 40502, at *2 (S.D.N.Y. Jan. 2, 2003); *Jackson* v. *Bennett,* 2002 U.S. Dist. LEXIS 1448 at *2 (S.D.N.Y. Jan. 30, 2002); *Harris* v. *Allard,* 2002 U.S. Dist. LEXIS 23667, at *4 (S.D.N.Y. Dec. 9, 2002).

Whitman claims, without citing any relevant authority, that the standard for obtaining release pending the resolution of his Section 2255 appeal "is related to" the standard for bail pending appeal set forth in 18 U.S.C. § 3143(b). (Whitman's Motion for Release Pending Appeal ("Pet. Br.") at 2).

In fact, the two standards are quite different. "The plain wording of 18 U.S.C. § 3143 shows that it does not apply to motions for bail during the pendency of a § 2255 habeas corpus petition." *Harris* v. *United States*, No. 97 CIV. 1904 (CSH), 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997) (citing *United States* v. *Mett,* 41 F.3d 1281, 1282 (9th Cir. 1995) (noting that petitioner's discussion of the Bail Reform Act is "beside the mark")).

As this Court has noted, "the standard for release on bail under 28 U.S.C. § 2255 is even higher than under 18 U.S.C. § 3143(b), specifically a demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success, so that victory for petitioner can be predicted with confidence." *United States* v. *Yarmoluk*, No. 96 CR. 863 (JSR), 1997 WL 642564, at *1 (S.D.N.Y. Oct. 17, 1997) (citations and internal quotations omitted).

While the case law does not define what qualifies as "extraordinary circumstances," it does make clear that certain conditions do *not* qualily. First, the fact that a petitioner has served almost his entire custodial sentence does not qualify as an "extraordinary circumstance[]." *Jackson* v. *Bennett*, 2002 WL 126679, at *1. "The fact that [petitioner] will be eligible for parole in [three months] does not constitute an extraordinary circumstance warranting bail. If it did, then 'every prisoner nearing the end of a term could bring a successful bail motion in connection with a habeas petition.'" *Id.* (quoting *Carey* v. *Ricks,* No. 01 CIV 1181 (RWS), 2001 U.S. Dist. LEXIS 3650, at *10 (S.D.N.Y. 2001)). Second, "[t]he fact that [petitioner's] post-petition incarceration will have been without just basis if his petition eventually succeeds does not constitute an extraordinary circumstance entitling him to bail." *Harris* v. *United States*, 1997 WL 272398, at *1 (citing *Iuteri* v. *Nardoza,* 662 F.2d 159, 162 (2d Cir. 1981).

## Discussion

Whitman is not able to meet the Second Circuit's standard for release pending the resolution of his appeal of this Court's decision on his Section 2255 petition.

First, Whitman tries to leverage the Second Circuit's grant of his motion for a certificate of appealability ("COA") to meet his burden of proving "a demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success, so that victory for petitioner can be predicted with confidence." *United States* v. *Yarmoluk*, 1997 WL 642564, at *1. However, the standard for granting a COA is much less demanding than the standard for bail pending a Section 2255 petition. The grant of a COA requires only a "substantial showing" that petitioner's rights were denied, 28 U.S.C. § 2253(c)(2), and that "jurists of reason" would find the merits of the petition "debatable," *Slack* v. *McDaniel*, 529 U.S. 473, 478 (2000). Based on the plain language of the two standards, a petition whose merits are debatable is clearly not the same as a petition whose "victory can be predicted with confidence."

Moreover, unlike the typical case in which a petitioner seeks release pending the *district court's* determination of the merits of his habeas petition, in this case, the Court has already had the opportunity to consider—and resoundingly reject—Whitman's Section 2255 petition and his subsequent motion for a COA – based on a lower standard than now governs. As a result, this Court is well-positioned to ascertain the probability of the ultimate success of Whitman's petition. In its order denying Whitman's Section 2255 petition, this Court has already found that by failing to raise the issue of the supposedly erroneous jury instruction regarding personal benefit on direct appeal, Whitman procedurally defaulted this challenge, and would normally be barred from raising it in a Section 2255 petition. (Order Denying COA dated August 5, 2015 (the "August 5 Order"), at 1).

4

Although Whitman argued that he should be excused for not raising this challenge on direct appeal, because of the novelty of such a challenge at the time, this Court remarked on the poverty of this argument, noting that Whitman's own counsel made this challenge both before and during trial. (*Id.* at 2-3). This Court also rejected Whitman's argument that his appellate counsel's performance was constitutionally deficient for failing to raise this issue on appeal, holding that appellate counsel's decision not to appeal the jury instruction was the product of strategic decision making, not an error that rises to the level of a constitutional violation. (*Id.* at 3). Nothing has altered the likelihood of the ultimate success of Whitman's petition, and therefore this Court need not revisit its prior determinations of the merits of the petition, particularly in light of the higher legal showing required.

Second, Whitman argues that the Second Circuit's grant of release pending direct appeal in *Riley* should control the outcome in this case. For release pending a direct appeal, a defendant must show that (a) he is not likely to flee or pose a danger to the community, and (b) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b). However, the standard for release pending appeal is more favorable to the defendant than the standard for release pending collateral attack. *See, e.g., United States* v. *Yarmoluk*, 1997 WL 642564, at *1 ("the standard for release on bail under 28 U.S.C. § 2255 is even higher than under 18 U.S.C. § 3143(b), specifically a demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success, so that victory for petitioner can be predicted with confidence.").

5

Accordingly, the outcome of Riley's motion for bail should not determine this Court's decision with respect to Whitman's motion.

Third, Whitman cites the vague language of a Supreme Court opinion from fifty years ago, requiring a 2255 petitioner to make a "greater showing of special reasons for admission to bail pending review." (Pet. Br. 2) (citing *Aronson* v. *May*, 85 S. Ct. 3, 5 (1964)). While *Aronson* is still good law, Whitman fails to cite the intervening decades of jurisprudence that have refined the standard in *Aronson*. Throughout his brief, Whitman claims that his case presents "unusual circumstances," but the widely-accepted standard in this district requires Whitman to demonstrate "*extraordinary* circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective." *Richard* v. *Abrams*, 732 F. Supp. at 25 (emphasis supplied). As explained below, there is nothing extraordinary about Whitman's circumstances that would require his release on bail.

In support of his argument that his case is "highly unusual," Whitman again raises the fact that the Second Circuit has granted a COA in his case, and granted release pending appeal in *Riley*. (Pet. Br. at 6). For the reasons set forth above, those arguments are inapposite here.

Whitman then argues that he should be released pending the resolution of his Section 2255 petition because he has only a short time remaining to serve in custody. (*Id.*). This argument has previously been rejected by at least two other judges in this district, who reasoned that allowing this condition to qualify as "extraordinary circumstances" would have the perverse effect of permitting "every prisoner nearing the end of a term [to] bring a successful bail motion in connection with a habeas petition." *Jackson* v. *Bennett*, 2002 WL 126679, at *1 (quoting *Carey* v. *Ricks,* 2001 U.S. Dist. LEXIS 3650, at *10). Whitman also argues that if the Second Circuit eventually decides the

6

appeal in his favor, he would have finished serving his term of imprisonment and therefore be "unable to obtain any meaningful relief as to his sentence of confinement." (Pet. Br. at 6). Again, this rationale would apply to every incarcerated defendant approaching the end of his term of imprisonment, and has accordingly been rejected as an "extraordinary circumstance." *See Harris* v. *United States*, 1997 WL 272398, at *1. For those reasons, this Court should not be influenced by the amount of time Whitman has left to serve.

Finally, Whitman argues that his family circumstances provide a compelling basis for his release at this time. Without disclosing the contents of the portion of the letter that was redacted prior to public filing, the Government submits that the circumstances described are typical of the disruption that a defendant's family might experience during the defendant's incarceration. Further mitigating the effects described in the letter is the fact that Whitman is now in a halfway house in San Francisco, not far from his adult daughter, and can presumably have frequent in-person and telephonic contact with her.

## **Conclusion**

For the reasons set forth above, the Court should deny Whitman's motion for release pending the appeal of the denial of his Section 2255 petition.

        Respectfully submitted**,**

        PREET BHARARA
        United States Attorney
        Southern District of New York

By: _____/s/_____
     Christine I. Magdo
     Assistant United States Attorney

Dated: New York, New York
       December 22, 2015