

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

DRODY@SIDLEY.COM
+1 212 839 5951

May 22, 2019

<u>Via ECF</u>

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: <u>**United States v. Doug Whitman**</u>**, 12 Cr. 125 (JSR)**

Dear Judge Rakoff:

  We represent Douglas Whitman in the above-captioned case. We respectfully submit this letter to request that the Court grant Mr. Whitman early termination of his term of supervised release. In the alternative, we request that the Court extend Mr. Whitman's travel restrictions to include: (1) the District of Idaho, where Mr. Whitman owns a home and serves as the treasurer and an executive board member of a non-profit organization; (2) the Central and Southern Districts of California, to facilitate travel within the state; and (3) the Southern and Eastern Districts of New York, to enable legal and business visits. Mr. Whitman's travel restrictions included all of those locations for virtually all of the last seven years when he was not incarcerated. The bases for this application are set forth below.

<u>Background</u>

  Mr. Whitman is currently serving the final months of his term of imprisonment on home confinement, and is scheduled to commence his one-year term of supervised release by the end of May 2019. In February 2019, the defense asked the Government to support, or at least not to oppose, Mr. Whitman's request for early termination of supervised release. The Government opposed the request. In April 2019, the defense asked the Government to support, or at least not to oppose, Mr. Whitman's request to extend his travel restrictions while on supervised release to include the above-referenced locations. At the Government's request, defense counsel first sought the approval of Mr. Whitman's Probation Officer (to be) in the Northern District of California. The Probation Officer indicated that: (a) he did not support Mr. Whitman's request to permanently extend his travel restrictions to these locations; (b) Mr. Whitman would not be permitted to travel outside his home District unless he submitted a written request at least two weeks in advance and the travel was properly justified; and (c) Mr. Whitman would not be permitted any travel outside

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Honorable Jed S. Rakoff
May 22, 2019
Page 2

his home District for at least the first two months of his supervised release, with the possible exception of limited business travel with at least two weeks' notice, at the Probation Officer's discretion. The Government subsequently stated that it deferred to the Probation Officer and therefore opposed Mr. Whitman's request to permanently extend his travel restrictions.

Early Termination of Supervised Release

In the first instance, the defense respectfully submits that requiring Mr. Whitman to serve his term of supervised release will serve no reasonable or practical purpose under the sentencing statute. For over seven years, since his indictment in February 2012, Mr. Whitman has been under constant federal supervision of one variety or another. For all but 15 months of that time—during the period of his incarceration at the U.S.P. Lompoc prison camp—Mr. Whitman has been on some form of release status. Specifically, between February 2012 and August 2012, Mr. Whitman was on pre-trial supervision; between August 2012 and January 2013, Mr. Whitman was on post-trial (post-conviction) supervision; between January 2013 and September 2014, Mr. Whitman was on bail pending appeal; between February 2016 and February 2019 (following his incarceration at Lompoc and two months in a halfway house), Mr. Whitman was on release pending the resolution of his habeas petition; and from February 2019 to the present (following five days back in the halfway house for processing), Mr. Whitman has been on home confinement.

Throughout the entire period while he has been on release, Mr. Whitman has never incurred a single legal infraction, not even a traffic ticket, nor has he ever been cited for a single violation of the terms of his release or supervision. Indeed, during his incarceration at Lompoc, Mr. Whitman was never cited for a single violation of prison rules or regulations, and never lost a single day of good conduct time. (To the contrary, he was named the facility's "town driver," and on almost a daily basis drove inmates who had completed their sentences into town to obtain transportation home, while also teaching entrepreneurial and GED classes and tutoring inmates.) In short, Mr. Whitman's record—over seven-plus years of federal supervision, almost six of which have been on release—has been spotless.[1]

In addition, during his long period of release, especially since February 2016, Mr. Whitman has led a highly productive and generous life. His focus during this period has been on charitable good deeds ███████████████████████████████████████. As to the former, Mr. Whitman has remained very active in a number of charitable and non-profit organizations, including the Boys and Girls Clubs of America, for which he is a long-time financial donor and volunteer, and the Sun Valley Wellness Festival and Conference,[2] for which he currently serves as

---

[1] Mr. Whitman has also paid all required fines and financial penalties against him (see Dkt. Nos. 174 & 175), including his forfeiture judgment, which the Government acknowledged as of April 7, 2014.

[2] Sun Valley Wellness Festival and Conference, located in Sun Valley/Ketchum, Idaho, is widely recognized as the longest running wellness festival in the world. See www.sunvalleywellness.org.

# SIDLEY

Honorable Jed S. Rakoff
May 22, 2019
Page 3

the Treasurer and a member of the Executive Board.  Moreover, Mr. Whitman co-founded (and funded, until it received tax-exempt status) the Bubbie Project, an organization dedicated to helping the children of indigent federal inmates, in the first instance by providing them with birthday and holiday gifts (and hopefully in the future by enabling them to visit with their incarcerated parents via videoconferencing).  (S*ee* www.bubbieproject.com).  Mr. Whitman has also tried to better himself by taking continuing education classes at Stanford University.



For all of these reasons, the defense respectfully submits that requiring Mr. Whitman to serve another year on supervised release would serve no correctional, transitional, or rehabilitative purpose.  Mr. Whitman does not need a Probation Officer's oversight to stay out of trouble—he has never gotten into trouble since his voluntary surrender in this case over seven years ago.  Mr. Whitman does not need a Probation Officer's assistance to transition to life outside of prison—he has already successfully obtained employment and engaged in extensive charitable work both before and after being imprisoned.  And Mr. Whitman does not need a Probation Officer's guidance to become a positive, contributing member of society—he has been living such a life for years.  In summary, after all of the years that he has already spent under federal supervision without incident, requiring Mr. Whitman to serve yet another year on supervised release would be—most respectfully—a pointless exercise and a waste of his and the Government's time and resources.

# SIDLEY

Honorable Jed S. Rakoff
May 22, 2019
Page 4

Extension of Travel Restrictions

      In the alternative, if the Court declines to terminate Mr. Whitman's period of supervised release, the defense respectfully requests that the Court extend Mr. Whitman's travel restrictions to include: (1) the District of Idaho; (2) the Central and Southern Districts of California; and (3) the Southern and Eastern Districts of New York. The purpose of this request is to enable Mr. Whitman to travel to these locations—without seeking prior approval weeks in advance and providing a justification for each trip—for reasons including: to stay at his second home in Idaho; to attend the Sun Valley Wellness Festival and Conference, its board meetings, and other events in Idaho; to see his brother, Mr. Whitman's only sibling (their parents and step-mother being deceased), who also owns a home in Idaho and spends his whole summer there; to accompany ▮▮▮▮▮▮▮▮ on much needed vacations in Idaho and throughout California; and to meet with his attorneys and attend business and non-profit organization meetings in California and New York City (where, among other things, the Bubbie Project is headquartered).

      The Court should have no concern or hesitation in granting such extensions, given that Mr. Whitman's travel restrictions previously extended to all of those locations—on a permanent basis—throughout virtually the entire six-year period of his release and supervision. Specifically:

- Mr. Whitman's original travel restrictions in this case—set on the date of his voluntary surrender and initial presentment, February 10, 2012—included the District of Idaho and the Southern and Eastern Districts of New York (among others). (*See* Dkt. No. 10).[3] Those conditions remained in effect, and Mr. Whitman traveled freely to Idaho, during the entire time he was awaiting trial (February to August 2012); following his conviction and prior to his sentencing (August 2012 to January 2013); while he was on bail pending appeal (January 2013 to September 2014); and even throughout the summer of 2014, when he was mere weeks away from reporting to U.S.P. Lompoc to begin serving his sentence (*see* Dkt. No. 171).

- On December 26, 2013, Mr. Whitman's travel restrictions were also permanently extended to include the Central, Eastern, and Southern Districts of California, to enable him to travel freely throughout the state. (*See* Dkt. No. 160). Those conditions likewise were never revoked.[4]

---

[3] Mr. Whitman's original travel restrictions also included: the Northern District of California, where he lives; the Eastern District of Pennsylvania, so that he could visit his stepmother in Philadelphia; and the District of New Jersey (and passage in between), so that he could travel between Philadelphia and New York. (Dkt. No. 10).

[4] Mr. Whitman's travel was also extended permanently to the District of Utah, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. No. 43). In addition, on many occasions the Court granted temporary modifications of Mr. Whitman's travel restrictions to allow him to travel ▮▮▮▮▮▮, including to: Hawaii, both before trial (Dkt. No. 21) and shortly before he was due to report to Lompoc (Dkt. No. 172); to Florida (Dkt. No. 113); to Massachusetts (Dkt. No. 150); and to Virginia (Dkt. No. 151).

# SIDLEY

Honorable Jed S. Rakoff
May 22, 2019
Page 5

- Finally, starting on February 2, 2016, after the Second Circuit granted Mr. Whitman's release pending the appeal of his habeas petition (Dkt. No. 196), Mr. Whitman resumed traveling freely to Idaho and throughout California. This continued for three full years, until February 4, 2019, when Mr. Whitman resumed serving his sentence (first for five days at the halfway house, followed by four months of home confinement) after his habeas appeal was denied.

Accordingly, for almost all of the last seven years, excluding the time that he was incarcerated or on home confinement, Mr. Whitman has been permitted to travel freely to Idaho, all of California, and New York City. The Government never objected to any of this travel—and with good reason: Mr. Whitman has never violated the terms of his supervision or release, or incurred a single legal infraction, during the entire history of this case.

Now, suddenly, as Mr. Whitman is about to begin his one-year term of supervised release, the Government opposes his travel to these same locations. Whereas the Government once saw fit to permit Mr. Whitman to travel to Idaho (for example) for any reason or no reason—including after his conviction at trial and shortly before he was due to report to prison—they now say that he cannot, although this is a far less risky stage of the case. The Government has offered no reason or rationale for this opposition, only that they defer to the Probation Officer. But that position makes no sense, and is frankly just unreasonable and punitive, given Mr. Whitman's spotless record on supervision and the history of this case.

* * * * *

For the reasons set forth above, the defense respectfully requests that the Court grant Mr. Whitman early termination of supervised release, or, alternatively, restore his travel restrictions to what they were for most of the last seven years, to include: (1) the District of Idaho; (2) the Central and Southern Districts of California; and (3) the Southern and Eastern Districts of New York.

Thank you very much for your consideration of this application. We are happy to appear before the Court or attend a telephone conference to answer any questions the Court may have.

Respectfully submitted,

/s/ David M. Rody

David M. Rody

cc: AUSA Margaret Graham