

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 24, 2019

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    United States v. Doug Whitman, 12 Cr. 125 (JSR)

Dear Judge Rakoff:

      The Government writes in response to defendant Doug Whitman's May 22, 2019 letter, which asks the Court to (i) terminate Whitman's term of supervised release before it has even begun; or (ii) in the alternative, expand Whitman's travel restrictions to include five districts other than Whitman's district of residence, over his probation officer's objections. For the reasons stated herein, the Government opposes both requests.

*Procedural Background*

      As background, Whitman was sentenced by this Court on January 29, 2013, to 24 months' imprisonment, to be followed by one year of supervised release (the "Court's Judgment"). (Dkt. No. 122.) Whitman served approximately 15 months at a Bureau of Prisons ("BOP") facility followed by approximately 2 months in a halfway house. Whitman's time at the halfway house was cut short when he was granted bail in February 2016 by the Second Circuit, pending his appeal of the Court's denial of his motion pursuant to 28 U.S.C. § 2255. Whitman was then at liberty from February 2016 until February 2019.

      In January 2019, when the Second Circuit denied Whitman's appeal, Whitman had several months of his original 24-month sentence left to serve. BOP found that Whitman could serve the remainder of his 24-month sentence on home confinement, rather than return to a halfway house. Whitman is therefore presently on home confinement, which will terminate in several weeks. At that point, he will begin his one-year term of supervised release, as ordered by the Court in 2013.

*Early Termination of Supervised Release*

      Whitman asks the Court to terminate his supervised release before it has begun, removing any requirement of supervised release from the Court's Judgment. Requests for early termination of supervised release are generally made pursuant to 18 U.S.C. § 3583(e)(1), which provides that

May 24, 2019
Page 2

the Court may terminate a defendant's supervised release <u>after</u> the defendant has been supervised for one year. Even that is considered an "extraordinary remedy" and is warranted "only occasionally." *United States v. Simon*, 2012 WL 4842249, at *2 (S.D.N.Y. Oct. 10, 2012). But Whitman asks for more than that – he asks for the Court to terminate his supervised release before he has served even a day. Such an extraordinary remedy is not warranted here.

Whitman also asks the Court to modify the terms of his supervised release, to allow him to travel to five districts beside his district of residence without any restrictions. Pursuant to the Court's Judgment, during his term of supervised release, Whitman shall not leave his district of residence without the permission of the Court or probation officer. (Dkt. No. 122 at 4.) Whitman argues that he will be unduly hindered in his essential work travel and personal travel by this restriction.

Under 18 U.S.C. § 3583(e), the court must consider the same factors when evaluating Whitman's request for revocation and his request for modification. *See* 18 U.S.C. § 3583(e) (requiring court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). These 3553(a) factors are, of course, the same factors that the Court already (and carefully) considered, when it imposed a significantly below-Guidelines sentence of 24 months' imprisonment and one year of supervised release. Many of these factors are unchanged between 2013 and today, including: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to adequately deter criminal conduct; and the need to avoid unwarranted sentencing disparities.

Because of the overlap between the sentencing factors and factors to be considered under Section 3583(e), the Second Circuit has stated that Section 3583(e) exists not to revisit the sentencing determination, but rather to "account for new or unforeseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). This may include "exceptionally good behavior." *Id.* But as numerous district courts, including this Court, have held, "full compliance with the terms of supervised release" (or in this case, pretrial release), is simply "what is expected" of the defendant, and "does not warrant early termination." *United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); *see also United States v. Ouvina*, No. 10 CR 970 (ILG), 2013 WL 323339, at *1 (E.D.N.Y. Jan. 28, 2013) ("[C]ompli[ance] with the conditions of probation . . . is precisely what [the defendant] was required to do—in lieu of imprisonment."); *United States v. Green*, No. 09-cr-1175 (JGK), 2014 WL 4817745, at *1 (S.D.N.Y. Sept. 25, 2014) (denying motion for early termination of supervised release due to defendant's good behavior); *United States v. Berrios*, No. 95 CR. 84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (same); *United States v. Bailin*, No. 05 Cr. 48–01 (SWK), 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008) (same); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (same). Whitman's conduct since his arrest, while laudable, does not merit removing entirely any term of supervised release from his sentence.

*Extension of Travel Restrictions*

Nor has Whitman established that the terms of his supervised release should be changed because they are "too harsh or inappropriately tailored to serve" general punishment goals due to any "new or unforeseen circumstances." *Lussier*, 104 F.3d at 36. Whitman argues that the travel

May 24, 2019
Page 3

restrictions imposed by supervised release will harm him personally and professionally. But the undue hardship that Whitman claims is, at this point, only speculative. Indeed, Whitman's probation officer has already pre-approved Whitman's only request for travel outside his district of residence, for a board meeting in Idaho in June.[1]

Whitman states that he will not be permitted any travel outside his district of residence for the first two months of his supervised release, with the possible exception of limited business travel. (Def. Letter at 2.) Whitman's probation officer has informed the Government that this is not a fair characterization of the policy. The Northern District of California has a policy that all new supervisees may only travel for limited business and medical purposes during the first 60 days of their supervision. This is a uniform policy applied to all supervisees in the Northern District of California, based on the Probation Department's experience and professional judgment. This policy is in place for several reasons, including to encourage the relationship between a supervisee and his or her officer via in-person meetings that would not be possible if the supervisee were frequently out-of-district, as Whitman has stated that he intends to be in June and July 2019. (Def. Letter 3.) This policy allows for necessary travel, however, as evidenced by the pre-approval of Whitman's work travel to Idaho in June. The Government believes that it is appropriate to defer to the Probation Office's professional judgment and uniform, district-wide policy.

Given the probation officer's strong opposition to this request and the officer's demonstrated willingness to accommodate necessary travel, the Government opposes Whitman's request to extend his travel restrictions.

*Conclusion*

The Government respectfully submits that Whitman's motion should be denied in its entirety.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York

                By: ____/s/_____
                Margaret Graham
                Assistant United States Attorney
                (212) 637-2923

cc:    David Rody, Esq., counsel for Whitman

---

[1] The officer cannot officially approve the request yet, because Whitman is still under BOP's jurisdiction. Nonetheless, the officer has already reviewed the request and told Whitman that it will be approved once Whitman is under the Probation Department's jurisdiction.